## STATE *v.* MANUEL OBREGON.

It is always proper for the Judge to elucidate the law, even by supposing a state of facts for the purposes of illustration ; it is proper that he should inculcate upon the minds of jurors a sense of their high responsibility to the public as well as to the accused; this, however, should be done by remarks of a general character, not by observations tending 'directly to induce the jury to find a particular verdict in the cause before them.

The Judge instructed the jury that it was their duty to find an unqualified verdict, if the case was clear. *Held:* That there was error in the Judge's instruction, for, if the case was not clear, beyond a reasonable doubt, they could not find the prisoner guilty at all, and the charge amounted to an instruction that if a person was found guilty of arson, he should always be punished with death ; overlooking the Act of May 27th, 1846, which declares that : " in all cases where the punishment denounced by law is death, it shall be lawful for the jury to qualify their verdict by adding thereto, without capital punishment."

APPEAL from the First District Court of New Orleans, *Robertson*, J. *Isaac E. Morse*, Attorney General, for the State. *G. & C. E. Schmidt*, for defendant and appellant.

SPOFFORD, J. The prisoner was convicted of arson, by an unqualified verdict, and sentenced to death.

He complains, on appeal to this court, that the charge of the Judge, appended in writing to one of his bills of exceptions, was contrary to law, and greatly to his prejudice.

The upshot of the charge was, to impress the jury with the idea that if they found the prisoner guilty of arson at all, it was their duty not to qualify their verdict by adding the words, " without capital punishment."

After stating that he found no point of law in the case that required a special mention or particular elucidation, the Judge went on to say, amongst other things, that : " the penalty of arson, in a case which is clear, is death, and that jurors should not hesitate to find an unqualified verdict when the case was clear ; that some years ago, when fires were most frequent in the city, a man was found guilty and executed for arson, and fires ceased for months after ; that there is a strong necessity for the severest punishment of the crime of arson at the present time ; that the crime is daily committed with impunity, and unless jurors do their duty fearlessly, and without being too scrupulous as to the severity of the law, no man's life, family and property can be safe ; that there is an imperative necessity for punishing crimes of the highest grade with the utmost severity ; that there is a remarkable increase of high crimes, and, as the Judge believed, that nothing less than the infliction of capital punishment will deter offenders in such cases ; that to-day, while the jury has been sitting on the trial of this case, crime has been perpetrated, and two men have been killed by being shot down in the street; that it is time that jurors should have sufficient nerve to do their duty fearlessly, and aid in putting down these heavy crimes ; that it is their duty, when a case is clear, to find a verdict according to the facts, no matter what the consequences may be to the accused, as the jury have nothing to do with the punishment, the law fixing that."

In some respects, these instructions are contrary both to the letter and spirit of the Acts of April 30th, 1853, and May 29th, 1846, upon which we have recently given our views, in the case of the *State* v. *Meloin*.

STATE
v.
OBREGON.

It is always proper for the Judge to elucidate the law, even by supposing a state of facts for the purposes of illustration; it is proper that he should inculcate upon the minds of jurors a sense of their high responsibility to the public as well as to the accused; this, however, should be done by remarks of a general character, not by observations tending directly to induce the jury to find a particular verdict in the cause before them.

Aside from the general tenor of the Judge's charge in this instance, there was error in instructing the jury that it was their duty to find an unqualified verdict, if the case was clear; for, if the case was not clear, beyond reasonable doubt, they could not find the prisoner guilty at all; and the charge amounted to an instruction that, if a person was found guilty of arson, he should always be punishable with death, overlooking the Act of May 29th, 1846, which declares that: "in all cases when the punishment denounced by law is death, it shall be lawful for the jury to qualify their verdict by adding thereto, without capital punishment."

It is therefore ordered and decreed, that the judgment in this case be reversed, the verdict of the jury set aside, and the cause remanded for a new trial, according to law.