## STATE *v.* JOHN SHIELDS.

On a trial for murder the Judge told the jury that "murder is of very frequent occurrence in this community, and when a jury has a case of murder which is clearly made out, the court believes it necessary for a jury to bring in an unqualified verdict in order to deter others from crime." *By the Court:* Such a charge was calculated to impress upon the minds of the jurors that in all cases of murder they were not at liberty, or, at least, could not with propriety exercise that discretion which is expressly conferred by the statute of 1846, which declares that in *all cases* where the punishment demanded by law is death, it shall be lawful for the jury to qualify their verdict by adding thereto, "without capital punishment." We think the discretion of the jury should not have been trammelled by instructions which were not only calculated to secure an unqualified verdict, but might have been construed by the jury into an intimation of the opinion of the court as to the guilt or innocence of the prisoner.

APPEAL from the First District Court of New Orleans, *Robertson*, J. *Moïse*, Attorney General. *J. Q. Bradford* and *Field*, for appellant.

LEA, J. *John Shields*, having been found guilty of murder, is appellant from a sentence of death rendered in accordance with the unqualified verdict of the jury.

One of the grounds relied upon for a reversal of the decree does not differ materially from that which has already been considered in the case of the *State* v. *Obregon*, in which the prisoner was accused of arson.

On the trial of that case in the court of the first instance, the District Judge

STATE
c.
SHIELDS.

instructed the jury "that it was their duty to find an unqualified verdict if the case was clear." This charge was held to be erroneous, as being "tantamount to an instruction that if a person was found guilty of arson he should always be punished with death, for, unless the case was clear beyond all reasonable doubt, they could not find the prisoner guilty at all."

In the case at bar the charge of the court was similar in meaning and in its necessary effect upon the minds of the jury. The court remarked to the jury : "Murder is of very frequent occurrence in this community, and when a jury has a case of murder which is clearly made out, the court believes it necessary for a jury to bring in an unqualified verdict in order to deter others from crime."

Such a charge was calculated to impress upon the minds of the jurors that in all cases of murder they were not at liberty, or, at least, could not with propriety exercise that discretion which is expressly conferred by the statute of 1846, which declares that in *all cases* where the punishment demanded by law is death, it shall be lawful for the jury to qualify their verdict by adding thereto, "without capital punishment."

We think the discretion of the jury should not have been trammelled by instructions which were not only calculated to secure an unqualified verdict, but might have been construed by the jury into an intimation of the opinion of the court as to the guilt or innocence of the prisoner.

It is ordered, that the judgment of the District Court in the case of the *State* v. *John Shields* be reversed, and the verdict of the jury set aside, and that the cause be remanded for a new trial according to law.