State vs. Brown.

No. 10,341.

STATE OF LOUISIANA vs. HENRY BROWN.

1. Under Section 785 Revised Statutes, the law of manslaughter is pertinent in every trial for murder, because the statute authorizes the jury to find a verdict of manslaughter in *any* trial for murder.   State vs. Brown. 40 Ann. 785.

2. In his charge to the jury on such trials the judge discharges his duty when he states the law of manslaughter, but he must leave the jury to determine whether it is applicable to the facts proved in the case; and if he uses language expressing or necessarily implying that, in his opinion, the law is not applicable to the facts, he invades the exclusive province of the jury, in violation of Sec. 991 Rev. Stat., and commits error.

APPEAL from the First District Court, Parish of Caddo.
*Hicks*, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Wise & Herndon* and *J. W. Jones* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.  This case returns from the remanding ordered by us in our decision reported at p. 725, 40 Annual.  We there held that, under the mandatory terms of Section 785 of the Revised Statutes, in all "trials for murder the jury may find a verdict for manslaughter," and that refusal so to charge was error, even though based on the judge's opinion that manslaughter was entirely inapplicable to the facts of the case.

In the present appeal complaint is made of the judge's charge on the same subject.

The judge, in his charge, referred to his ruling on the former trial and the decision of this court thereon, saying, in course of his statement: "I refused to give the charge because it did not seem to me, under the facts disclosed on that trial, that the crime of manslaughter was involved in the case."  He then stated fully and correctly the contrary ruling of this court and charged that they might render a verdict for manslaughter.

He proceeded to say:  "The Constitution requires the judge to charge the jury, in all criminal cases, as to the law applicable to the case, but I am compelled to admit my inability to give you a satisfactory charge on manslaughter as applicable to this case, and can do no more than give you a very brief reference to that offense, and that, too, in the abstract."

We have no desire to be hypercritical and are far from attributing any impropriety of motive to our learned brother, but every impartial mind, and, we believe, the judge himself, must admit that the above quoted passages necessarily conveyed to the jury the unmistakable impression that, in the judge's opinion, the law of manslaughter had no application to the facts of the case. What other inference could be drawn? He first tells the jury that he thought that, under the facts disclosed on the former trial, manslaughter was not involved in the case; he makes no intimation that those facts differed, in any respect, from the facts on the present trial; he then says it is impossible to charge on manslaughter as applicable to this case; and, therefore, that his reference to that offense must be only " in the abstract."

The law of this State is very emphatic in limiting the judge, in his charge to the jury, to questions of law, and in forbidding him to touch upon the facts or to give any "opinion as to what facts have been proved or disproved." R. S. Sec. 991. This court has always given a rigid interpretation to this provision, and has granted relief in every case where the judge has used language calculated, in any way, to influence the minds of the jury in reference to the facts of the case. State vs. Durr, 39 Ann. 751; State vs. Hahn, 38 Ann. 169; State vs. Boasso, id. 202; State vs. Asbury, 37 Ann. 124; State vs. O'Kean, 35 Ann. 901; State vs. Jackson, id. 769; State vs. Swayze, 30 Ann. 1328.

We are bound to hold that the charge complained of violates the spirit and the letter of the law. Under the Sec. 785 R. S., as interpreted by us, the law of manslaughter is necessarily pertinent in every trial for murder. The judge's duty is very plain : to give the law and leave the jury to determine whether it is applicable to the facts, free from influence by any opinion of his own on that subject.

It is, therefore, ordered and decreed that the verdict and judgment be set aside and annulled, and that the case be remanded for further proceedings according to law.

Judgment reversed and case remanded.