State vs. Marqueze.

## No. 11,138.

### THE STATE OF LOUISIANA VS. ESTÈVE MARQUEZE.

The trial judge gave a full statement of the statute under which the accused was prosecuted.

No objection was made to the charge and no instructions were asked.

The error charged is one which must be excepted to at the proper time.

$\frac{45}{104}$　$\frac{41}{45}$

APPEAL from the Twenty-first District Court, Parish of St. John the Baptist. *Rost, J.*

*M. J. Cunningham*, Attorney General, and *Gervais Leche*, District Attorney, and *J. L. Gaudet*, for the State, Appellee:

1. The judge is not bound to give a charge although correct when in his belief there is no fact proved to which it is pertinent. A charge not objected to when it is given and properly presented by bills of exception will not be considered on appeal, nor will the verdict of the jury be disturbed even in capital cases, when no opportunity is given the judge to explain or correct his charge. 38 An. 497; 37 An. 543, 773; 34 An. 106, 1513.

2. Motions for new trials as to questions of fact can not be reviewed by the Supreme Court. 38 An. 371; 30 An. 1323.

3. It is not the duty of the judge to appoint counsel for the accused unless request is made by him. 38 An. 19; 36 An. 91.

### MOTION IN ARREST.

. In an information for shooting with intent to murder, it is not necessary to charge both the act and intent as malicious. It is sufficient to charge malice in the intent. 33 An. 921; 36 An. 336; 38 An. 451.

*H. N. Gautier*, for Defendant and Appellant, cited: 30 An. 1173; 28 An. 434; 35 An. 53; 40 An. 729; 41 An. 410; 33 An. 310; 36 An. 87, 159; 30 An. 536; 34 An. 100.

The opinion of the court was delivered by

BREAUX, J. The accused appeals from a sentence of ten years at hard labor, on a verdict of guilty of shooting with intent to murder.

He was not represented by counsel before the jury.

After sentence the accused employed counsel and moved for a new trial upon several grounds, only one of which is argued before this court.

The recital of the trial judge in the bill taken shows, that in his charge to the jury, (to which no bill of exceptions was reserved at the time,) he read to them Sec. 791 of the Revised Statutes, with reference to whomsoever shall shoot, stab or thrust any person with a dangerous weapon, with intent to commit murder, under any other circumstances than those mentioned in Sec. 290 of the Revised Statutes under the amendment, being Act 43 of 1890, which reads: " Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to commit murder, under any other circumstances than those mentioned in the preceding section, shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one nor more than twenty-one years."

The accused did not object to the charge and made no request for special instruction to the jury.

The court states: " Under the state of facts and in the absence of any request for a special charge the court did not charge that the accused could be convicted under Act 44 of 1890." The counsel for the accused moved for a new trial, and in his bill to the court's refusal to grant the new trial on said ground, recital was made as just stated.

The counsel for the accused argues that Acts 43 and 44 of 1890 describe offences of the same generic class, with this difference, that in the first the intent must be to murder; in the second, the intent must be to kill; that the crime denounced in the information under Act 43 included necessarily a prosecution of the lesser offence "with intent to kill," under Act 44 of 1890, and that without special request it devolved upon the judge to specially instruct the jury that

they were authorized, should the state of facts justify, to find a verdict of guilty of shooting with intent to kill, under Act 44.

In support of this argument counsel refers us to State vs. Stouderman, 6 An. 286.

In that case the trial judge was requested to instruct the jury that the prisoner being charged under section of the Act of 4th May, 1805, which denounces an assault with intent to commit murder, it was necessary that the circumstances which would amount to murder in law, except the death, should exist in order to authorize conviction. The court charged that the jury might find the accused guilty of assault with intent to kill, should the jury be satisfied that he was guilty of that offence.

The court affirmed the judgment of the trial court.

It is at once manifest that the case referred to is not parallel to the case at bar.

In the second case referred to by counsel in his brief, State vs. Jessie, 30 An. 1171, the court charged that the prisoner might be found guilty of the lesser offence; and complied with counsel's request in that respect.

In State vs. Louis Gilkie, the request received attention and the jury was instructed as to the less offence. State vs. Delany, 28 An. 434, supports the proposition that a verdict must be responsive to the indictment.

The judge in the case of the State vs. Brown, 40 An. 727, had been entirely silent throughout the whole charge on the subject of manslaughter.

The accused was prosecuted for conspiracy and murder. Counsel for the defence requested the trial judge to instruct the jury that on trials for murder the jury may find the prisoner guilty of manslaughter.

In these cases, to which our attention is directed, the accused availed themselves of their right to request special charges. In not one of these cases the accused had omitted to request in reference to the different degrees of the offence.

The failure therefore to except to the charge at the proper time was not an issue in any of these cases.

It is stated in State vs. Curts, 34 An. 1213, in which the accused as in the case at bar had omitted to ask for a special charge, that this court restricts the right to review failures to charge not objected to in time to " cases of gross and unambiguous error." No objection

was made to the charge in State vs. Sheard et al., 35 An. 543, no bill of exceptions was taken thereto and there was no proper assignment of errors.

The sentence was not disturbed.

From these authorities we conclude that objections to the charge, unless timely made and formally brought up, will not be considered. State vs. Sweeney, 37 An. 11; State vs. Bird, 38 An. 497.

The authorities in other States and the text-writers are not entirely in accord upon the subject.

Seymour D. Thompson in his work, "Charging the Jury," p. 108, relying upon the 39 Ind. 88 and the 26 Ind. 141, says: "But if a neglect to instruct the jury is an error it is one which must be excepted to at the proper time, even in a criminal case, or it will not be considered by a court of error."

The proposition is sustained in Cato vs. State, 9 Fla. 163; State vs. Reed, 62 Maine, 129; State vs. Oneal, 7 Ired. 25, and in a number of other cases.

Bishop in the third edition on Criminal Procedure lays down the rule that in various circumstances, omissions which the judge was not requested to supply have been deemed, therefore, not to be error (Sec. 279). A number of cases are referred to by him as sustaining the text; of the number, is the case of the State vs. Scott et al., 72 An. 386.

The court in the case at bar gave a full statement of the statutes under which the defendant was prosecuted.

The other grounds of defence as set forth in the bill of exception and in the motion in arrest of judgment, though not argued, were examined by us. They do not give cause for the granting of a new trial.

Judgment affirmed.