State vs. Clark.

---

No. 11,528.

STATE vs. PHILIP CLARK.

It is error for the trial judge, in a trial for murder, to refuse to charge the jury that they can, if the evidence justifies it, return a verdict of guilty of manslaughter.

APPEAL from the Nineteenth Judicial District Court, Parish of Iberia. *Voorhies, J.*

*M. J. Cunningham,* Attorney General, *R. F. Broussard,* District Attorney, for the State, Appellee:

There was nothing in the case at bar, under the statement of facts as given, upon which the court could have been called upon to charge upon the law of manslaughter, to make his failure to do so ground of reversible error. There was no evidence in the case tending to reduce the crime below the grade of murder. State vs. Jackson, 45 An. 975.

*A. & Chas. Fontelieu* Attorneys for Defendant and Appellant:

The refusal of the judge, in a trial for murder, to charge the jury that they may find a verdict of manslaughter, in accordance with Sec. 785, Revised Statutes of 1870, is a fatal error which will vitiate the verdict found against the accused and entitle him to a new trial. 40 An. 725; 41 An. 410.

The opinion of the court was delivered by

McEnery, J.   The defendant was indicted for murder, tried, and a qualified verdict of guilty without capital punishment returned by the jury.   He appealed.

Counsel for the accused requested the court to instruct the jury in a special charge that one of the verdicts they could return was "Guilty of manslaughter."   This charge was refused by the judge, on the grounds that the evidence in the case was entirely circumstantial; that the line of defence adopted by the defendant was not in mitigation of the offence for any of the causes known to the law, which would have reduced the charge of murder to manslaughter.

Section 785 of the Revised Statutes says that "on trials for murder the jury may find the prisoner guilty of manslaughter."   It matters not, therefore, what is the nature of the evidence or the line of defence adopted by the defendant—the law absolutely and without qualification gives the jury the right to return a verdict of manslaughter on a trial for murder.   It was the duty of the judge to instruct and charge them that if the evidence justified such a verdict they could return it.   The identical question presented in this case was passed upon by this court in case of State vs. Brown, 40 An. 725.   And for the reasons assigned by the trial judge in the instant case, the trial judge in that refused to instruct the jury that they could return a verdict of manslaughter.

"The charge was refused by the judge, on the ground, substantially, that the ruling invoked by the defence was inapplicable to the state of facts developed during the trial, which admitted of no mitigated verdict, but called absolutely for a verdict of 'guilty, or not guilty,' and that to have given the charge requested would have been simply the enunciation of an abstract legal proposition which had no bearing upon the case on trial."   *Id.*

In commenting on the statement of the trial judge in the case referred to, we said "the law's command is that the jury must be informed by the court that on trial for murder the jury may find the prisoner guilty of manslaughter, and the omission or refusal to so inform them is a flagrant disobedience of the law and is a fatal error.

This case was remanded (41 An. 410), and on the second trial the same question was, without the probable intention of the judge, thrust upon the court, by the charge of the trial judge, in which he said:

45

" I refused to give the charge because it did not seem to me under the facts disclosed on that trial that the crime of manslaughter was involved in the case," and then proceeded to give the jury the ruling of the court on the first appeal.   In milder but equally emphatic language in the opinion remanding the case we pointed out what we conceived to be the duty of the judge on the trial of criminal cases in charging and informing the jury.   " The judge's duty is very plain; to give the law and leave the jury to determine whether it is applicable to the facts, free from any opinion of his own on the facts."

The language of Sec. 785 of the Revised Statutes, and the opinions of this court interpreting the same, are plain and unambiguous, leaving no room for construction or a departure from the text of the section or the opinions of the court.   It is to be regretted that the trial judge should have placed a construction on the Section 785, in direct opposition to its obvious meaning, and contrary to the rulings of this court.   Such a course has served no useful purpose, but has been the occasion of unnecessary delay in the final disposition of an important criminal case.

The judges of subordinate tribunals may not always concur in the rulings of the appellate court, but it is the jurisprudence of the State that they shall respect the rulings of the Supreme Tribunal, and obey the law as interpreted by it.

After the law in a particular case has been announced by the appellate court, the individual opinions of judges of inferior tribunals are of little consequence, except so far as they may be advanced in the obstructing of the course of justice.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that this case be remanded to be proceeded with according to law.