The opinion of the court was delivered by
Nicholls, C. J.
Defendant was indicted for murder. He has appealed from a verdict convicting him of manslaughter and from a. sentence based thereon to imprisonment for ten years in the penitentiary.
In the brief filed in this court on behalf of the appellant it is said t “ He relies for a reversal on the verdict and sentence of the court upon a bill of exceptions reserved to the following part of the judge’s charge:
“As to the tender appeal made on behalf of the little children, you must give him a deaf ear. You will now take the ease, forgetting everything but the law, the evidence and your oaths, will pass an honest and deliberate verdict between the State and the prisoner.”
The only evidence before us touching the matter complained of, is found in the transcript, in the following copy of a certificate of the District Clerk, under date of the 25th of September, 1895, the date of the trial:
“State of Louisiana 1 vs. V “Cleophas Laborde. j
“Counsel for defendant objects to that portion of the charge of the court: ‘The tender appeal made by the presence of the children you must turn a deaf ear,’ to which the counsel reserved a bill of exceptions, and tenders this in lieu of a bill.
“I hereby certify the above and foregoing to be a true transcript of the proceedings had in the above bill of exceptions.
“Witness my hand officially this 25th day of September, 1896.
(Signed) “ James G-. DeBlanc,

"Dy. Clerk of Court."

Defendant bases his claim that the above certificate brings properly to our consideration for review the charge of the judge upon Act No. 113 of 1896. That statute declares that “ oh the trial of all criminal cases in this State, when an objection shall be made and a bill of exception reserved, the court shall, at the time and'without *1493 delay, order the clerk to take down the facts upon which the bill has been retained, which statement of facts shall be preserved among the records of the trial; and if the case be appealed the clerk shall attach to the bill a certified copy thereof, which shall be taken by the appellate court as a correct statement upon which the exception is based.”
The provisions of this statute have no application to the certificate in the transcript, as a bare inspection-will show. The “statement of facts” which the act of 1896 directs to be attached to “bills of exception ” are to be made under orders of court (which would be granted as of course) and are not to be made out by the clerk of his own motion, or simply at the instance of counsel for defendant.
There was no bill of exceptions taken in this case to which it was attached, and it would be (even if otherwise strictly correct) absolutely without effect, independently of a bill. There is nothing, to show that it ever came to the knowledge of, or under the eye of either the judge whose charge is referred to, or the District Attorney.
An objection to the charge of the judge should be made to the court. There could be no objection that the specific objection made by an accused should be stated by him and noted by the clerk, but if overruled, a bill of exceptions should be reserved, which being written up, should be submitted to the District Attorney and the judge for examination and for signature. The Attorney General very correctly states that the judge should have an opportunity of ascertaining whether a statement made as to what his charge was is a correct statement, and that he should have an opportunity to correct and explain the same, and the circumstances under which it was given. There is no excuse for any difference between counsel and the court as to the charge of the court in any particular case.
It is the duty of the court to give its charge in writing, if requested, and it would be a practice not to be tolerated that counsel failing to make such request, should be permitted to make, through the clerk, an ex parte statement as to what the charge was, and as to what objection he urged to the same as it was so declared to have been given. This very ease shows what would be the result of such a course. The charge of the court is not in the record. The certificate declares that “ counsel for'the defendant objects to that portion of the charge: ‘ The tender appeal made by the presence of the children you must turn a deaf ear.’ ”
*1494 Defendant’s version of it is given in the extract from his brief, which we have quoted. The District Attorney and Attorney General inform us that the charge read as follows: “ You will therefore give to the facts not only their most reasonable construction, but also their most charitable construction, and if when thus considered, they fail to satisfy you of his guilt, you will acquit him regardless of consequences. To the tender appeal made on behalf of the little children you must turn a deaf ear. You will now take the case forgetting everything but the law, the evidence and your oaths, you will pass an honest and deliberate verdict between the State and the prisoner,” and that “ the burden of the argument on behalf of the defendant was a strong and pathetic appeal for himself and children.”
The judge himself who gave the charge has made no statement on the subject at all. He was not called upon or placed in position to do so. Matters are not before us in such a form as to enable us to review the judge’s charge.
The judgment appealed from is therefore affirmed.