tion of authority in the management of the train.

To hold that a switchman was not a laborer would be tantamount to denying the benefit of the exemption to all railroad employés performing hard manual labor.

It is therefore ordered that this application be denied, applicant to pay all costs of same.

---

(37 South. 753.)

No. 15,333.

STATE v. HICKS et al.

(Jan. 4, 1905.)

CRIMINAL LAW—TRIAL—INSTRUCTION ON THE FACTS.

1. Under Rev. St. 1870, § 785, the jury, in any trial for murder, may bring in a verdict of manslaughter; and where the trial judge, charging the jury in the language of that section, intimates that, in his opinion, it has no application to the case then being tried, he trenches upon the facts, in violation of Rev. St. 1870, § 991, and the conviction of murder must be set aside.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

William Hicks and Robert Calhoun were convicted of murder, and defendant Hicks appeals. Reversed.

Lewell Colbert Butler, for appellant. Walter Guion, Atty. Gen., and John R. Land, Dist. Atty. (Lewis Guion, of counsel), for the State.

## Statement.

MONROE, J. The defendant Hicks, having been convicted of murder and sentenced to death, has appealed.

The record contains a bill of exceptions, from which it appears that the judge instructed the jury:

"If you believe that the charge has been made out against the prisoner with the degree of cer-

tainty which excludes from your minds every reasonable doubt, then you can bring in one of two verdicts. You can bring in one, 'We, the jury, find the defendant guilty as charged,' or, 'We, the jury, find the defendant guilty, without capital punishment.' If, however, you find, from all the evidence in the case, that the death was inflicted upon the boy in some suddenly aroused passion, some heat of blood that was aroused and provoked by what the law calls same adequate provocation—some blow or mutual combat—then in that case you will bring in a verdict, 'We, the jury, find the defendant guilty of manslaughter.'"

It further appears that, in connection with the charge as thus given, the defendant's counsel asked that the jury be instructed that, "under the law, under all indictments for murder, the jury may always find the defendant guilty of manslaughter," and that the judge proceeded as follows:

"I am asked to make this charge: 'Under the law, under all indictments for murder, the jury may always find the defendant guilty of manslaughter.' Well, I do believe our Supreme Court, in some case, has said something of that kind. I give it to you because you have the physical power to bring in such a verdict, but, if you do in this case, it is done without my consent." "To which charge and words" (the bill continues) "defendant excepted and tenders this his bill of exceptions, and prays that the same be allowed and signed and made of record; and the court refused to give said special charge, without expressing his disapproval of it, for the following reasons:"

Then follow the reasons of the judge, to wit:

"The court, before the above-recited special instruction was requested, had already charged the jury fully as to the crime of manslaughter, defining the grade of homicide, and giving the form of verdict if the jury should find him guilty of that grade of homicide; and, when the counsel of defendant handed up to the court the above formulation of an abstract statement of the law, I stated to the jury that the Supreme Court had declared such a statement, which said statement did not meet with my approval, and then the court repeated its charge on the crime of manslaughter."

## Opinion.

The provision of law relied on by defendant's counsel is contained in section 785, Rev. St. 1870, and reads:

"There shall be no crime known under the name of murder in the second degree, but, on

trials for murder, the jury may find the prisoner guilty of manslaughter."

Construing this provision, it has been held, that:

"The law's command is that the jury must be informed by the court that on trials for murder the jury may find the prisoner guilty of manslaughter. and the omission or refusal so to inform them is a flagrant disobedience of the law, and is a fatal error." State v. Brown et al., 40 La. Ann. 728, 4 South. 897.

In another hearing of the same case it was said:

"Under section 785, Rev. St. 1870, as interpreted by us, the law of manslaughter is necessarily pertinent in every trial for murder. The judge's duty is very plain—to give the law, and leave the jury to determine whether it is applicable to the facts, free from influence by any opinion of his own on that subject." State v. Brown, 41 La. Ann. 410, 6 South. 670.

This ruling has been affirmed in State v. Clark, 46 La. Ann. 704, 15 South. 83; State v. Jones et al., 46 La. Ann. 1395, 16 South. 369; State v. Thomas, 50 La. Ann. 148, 23 South. 250; State v. Wright, 104 La. 45, 28 South. 909.

Interpreting the statement made to the jury in connection with the requested charge, in the light of the version given by our learned Brother of the district court, it conveyed a clear intimation to the jury that, in his opinion, the law which gives to a jury in any murder case the right to bring in a verdict of manslaughter had no application to the case before them, which was equivalent to saying that, in his opinion, upon the facts proved, they ought to find the defendant guilty of murder. Such an instruction was in direct contravention of section 991, Rev. St. 1870, which forbids the trial judge to touch upon the facts, or to give any "opinion as to what facts have been proved or disproved," and was a fatal error.

It is therefore ordered, adjudged, and decreed that the verdict and sentence appealed from be annulled, avoided, and. reversed, and that this case be remanded to be proceeded with according to law.