PROVOSTT, J.
The defendants were convicted of murder, without capital punishment, were sentenced to the penitentiary for life, and they have appealed.
To the rulings of the trial judge excluding evidence of threats, on the ground that proper foundation for the introduction of the evidence had not been laid by proof of a hostile demonstration on the part of the deceased, seven bills of exceptions were reserved.
In behalf of the state it is contended that these bills cannot be considered, because it does not appear on their face that they were submitted to the district attorney before they were presented to the judge for signature. There is no doubt at all that bills should be submitted to the adverse party, nor that the judge could not be required to sign them before they had been thus submitted; but there is nothing sacramental about the matter, and if a bill has been regularly taken and is duly signed by the judge it is not seen how this court could refuse to consider it. In the Romero Case, 5 La. Ann. 24, and in the Laborde Case, 48 La. Ann. 1491, 21 South. 87, the so-called bill had not been signed by the judge. In the Johnson Case, 107 La. 546, 32 South. 74, the bill was considered, although it had not been submitted to the district attorney. In the Artus Case, 110 La. 441, 34 South. 596, the bill was sought to be perfected by the signature of the judge three months after the transcript had been filed in this court. Bills of exception in criminal cases in this state are not of statutory origin. As they were unknown at common law, which did not allow an appeal in criminal cases, they were not adopted into our system by the act of 1805 which adopted the body of common-law procedure in criminal cases. Article 489 of the Code of Practice has been expressly held not to have application in criminal cases. They are the growth of jurisprudence, and prior to the adoption of Act No. 113 of 1S96, p. 162, were wholly dependent upon jurisprudence. That statute has brought about a profound modification. Whether bills conforming to its provisions need to recite that they have been submitted, may be very much doubted, since such bills are supposed to be prepared in the presence of court and counsel. Be that, however, as it may. The court need not in this case express an opinion on that point, since the bills in this case are ■ sufficient if all that part of them emanating from the attorney of *386 defendant be eliminated, and only the per curiam of the judge or the statement of facts taken down by the clerk in the presence of the court and of the district attorney be retained and considered. The facts taken down by the clerk, and the per curiam of the judge show exactly what was the point that was ruled upon and what the ruling was; and that is all that this court needs to be informed of for the purpose of reviewing the ruling.
Four witnesses testified to a hostile demonstration. The judge says he did not believe them, because other witnesses had testified differently. The judge ought to have stated the facts testified to by these other witnesses; and perhaps in all cases where several witnesses testify to an overt act the safer course would be to leave the question of their credibility to the jury. Fortunately, in this case, the court is relieved of the necessity of reviewing the ruling on the question of hostile demonstration vel non, because, even if the ruling was correct, there is another ground upon which the verdict must be set aside.
The learned counsel for defendant contends that, even in the absence of proof of such demonstration, the evidence of threats was admissible, for the purpose of explaining why it was that the defendant on the evening before the homicide sought to borrow a shotgun; that the evidence of this attempt to borrow a shotgun was offered by the state for the purpose of showing malice; and that the evidence of threats was admissible for the purpose of rebutting malice. For that purpose the evidence was admissible. State v. Pruett, 49 La. Ann. 289, 21 South. 842.
“Evidence of preparation is always admissible for the prosecution. Evidence to explain it is always admissible for the defense.” Whart. Crim. Ev. 753; State v. Claire, 41 La. Ann. 191, 6 South. 129.
The verdict and judgment are set aside, and the ease is remanded, to be proceeded with according to law.