Statement of the Case.
BREAUX, O. J.
The grand jury found an indictment against the defendant for murder.
The ease was tried and an unqualified verdict returned: Guilty.
The case is before us upon one ground, set up in the only bill of exceptions taken.
We are informed in substance by the argument that the plea was that defendant did not intend to kill deceased, his daughter, whom he had repeatedly warned to lead a chaste and proper life; but, when informed that she had just given birth to an illegitimate child, he was aroused to a degree of madness that drove him to the commission of acts of harshness that resulted fatally to his daughter. The details of the acts we will not dwell upon. They are not before us and are no part of the record as made up for the appeal.
The following are the facts connected with the objection before us by the recital of the bill of exceptions before mentioned.
The trial judge’s charge to the jury was orally given. At the conclusion counsel for defendant asked him to give the following instruction:
“The law of Louisiana allows you to bring in a verdict of manslaughter in all eases where the defendant is accused of murder.”
The judge said to the jury:
“I have already charged you as to the crime of manslaughter. The Supreme Court of this state requires the charge that in all cases of an indictment for murder the court shall charge that the jury can bring in a verdict of manslaughter. I charge you,' therefore, that you can in this case bring in a verdict of manslaughter, provided that you can find that 'the evidence in the case justifies such a verdict.”
*397 Judgment.
The objection of defendant, through his counsel, is substantially that the modifications and conditions expressed by the trial judge should not have been given to the jury. The judge had already charged and instructed the jury as to the crime of manslaughter, and, when requested, instead of using the language of the instructions requested, which was, we must say, unobjectionable and the better practice, he chose to deliver the instructions as before written, which were a substantial compliance with the request for special instruction as before mentioned. The whole of the charge objected to does not lessen the force of the instruction. For many years this court has always required the charge, as was given in this case.
Years ago it became part of jurisprudence, to which the court has adhered. It has been accepted by the profession and the bench generally.
The first decision upon the subject is in State v. Brown, 40 La. Ann. 725, 4 South. 897. The personnel of the court was different from the present.
We are not informed that in theory or practice it has given rise to serious objection. When the trial judge chose to instruct the jury that it was the jurisprudence of the state, the instruction was binding upon court and jury. We think that in giving the instruction as it was given the court sufficiently instructed the jury.
The following is applicable:
“The trial judge who embodies in his charge the substantial meaning of an established principle of law invoked by the accused, and thus correctly expounds the accepted doctrine in the matter, has done his duty both to the state and to the accused.” State v. Miller, 41 La. Ann. 678, 6 South. 546.
It must be said here that the trial judge did not modify the request of defendant’s counsel for instruction, nor express disapproval, as was expressed in the case of State v. Hicks, 113 La. 779, 37 South. 753, and decisions therein cited.
Substantially precedents were followed. The instruction was direct and certain that the jury could find a verdict for manslaughter. We have no reason to infer that the jury was misled.
We pass to the second objection recited in the-bill of exceptions, to wit:
“Therefore you can in this case bring in a verdict of manslaughter, provided you find that the evidence in the case justifies such a verdict”
The jury was instructed not to find a verdict not warranted by the evidence.
The trial judge did not go beyond the proper limit in suggesting that the evidence should sustain the jury in finding a verdict of lesser grade than murder, viz., a verdict of manslaughter.
That view was expressed in State v. Thomas, 50 La. Ann. 155, 23 South. 252, in which the court said:
“In cases of that character it is, in our view, the duty of the trial judge to charge the jury that they may return a verdict of guilty of manslaughter, if they should find that he is guilty of manslaughter and that he is not guilty of murder.”
That was in effect the instruction of the court. The only difference is in the words. The meaning is in substance the same.
We do not think an instruction as follows is erroneous, viz.: “If you believe from the evidence,” then you can find a verdict for manslaughter (in a case for murder); and this is all that the charge contained. The jury should consider the evidence material to the issue, and an instruction directing attention to that duty is not erroneous. The instruction is general enough, and gives rise to no inference that the jury should act otherwise than required in a ease of the character of the case at issue. There was no statement illegally prejudicial to the defendant in the respect before mentioned. The defendant was called upon to answer to a charge to be sustained under the law and the evidence. A *398 reference to that fact as here made affords him no legal ground for objection. We have not found that injustice was done in consequence of the instruction as given.
There remains to us only one alternative, and that is to affirm the judgment.
For reasons assigned, and the law and the evidence being with the state, it is ordered, adjudged, and decreed that the verdict and judgment appealed from are affirmed.