(103 So. 24)

No. 26325.

## STATE v. BRAXTON.

(Dec. 3, 1923. On Rehearing, Dec. 1, 1924. Rehearing Denied Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

On Rehearing.

**1. Criminal law ⬿1038(1)—Judge must be given opportunity to correct charge at time of delivery.**

Judge must be given opportunity to correct charge at time of its delivery.

**2. Criminal law ⬿1090(1)—Supreme Court can only review errors patent on face of record or brought up by proper and timely bills of exception.**

In criminal cases, Supreme Court can only review errors patent on face of record, or brought up by bills of exception properly or timely taken.

**3. Criminal law ⬿795(1)—Judge need not enumerate nor instruct jury as to lesser grades of offense, unless evidence warrants.**

Except in murder prosecution, judge need not enumerate lesser grades of same generic class of crimes, nor instruct jury as to any lesser grade, unless evidence warrants such charge.

**4. Criminal law ⬿824(3)—Right to complain of failure to submit offense of shooting with intent to kill in prosecution for shooting with intent to murder waived by not requesting charge.**

Despite Rev. St. § 785, as to murder prosecution, one prosecuted under section 791, as amended by Act No. 43 of 1890, for shooting with intent to commit murder, waives right to complain of failure to charge on shooting with intent to kill denounced by Act No. 44 of 1890, by not requesting such charge before verdict.

O'Niell, C. J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Thomas F. Porter, Jr., Judge.

Robert Braxton was convicted of shooting with intent to commit murder, and appeals. Affirmed on rehearing.

P. L. Ferguson, of Leesville, and Sam H. Jones, of De Ridder, for appellant.

A. V. Coco and Percy Saint, Attys. Gen., Griffin T. Hawkins, Dist. Atty., and John J. Robira, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, and Percy T. Ogden, of Crowley, of counsel), for the State.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. Appellant was convicted of shooting a man with intent to commit murder. The crime is made such by section 791 of the Revised Statutes, as amended by Act 43 of 1890, p. 37. The only question in the case is whether the judge should have charged the jury—without being especially requested to charge—that the defendant might be found guilty of the crime of shooting with intent to kill. The latter crime is denounced by Act 44 of 1890, p. 37.

The difference between the two crimes is the same as the difference between murder and manslaughter. Malice is an essential element of the one but not of the other crime. In a prosecution for murder, no matter what the evidence or proof is, the judge must, without regard for any request from the defendant, instruct the jury that the defendant may be convicted of manslaughter. Rev. Stat. § 785. A failure of the judge to give the charge will vitiate a conviction of murder, even though no exception was taken before the verdict was rendered. State v. Obregon, 10 La. Ann. 799; State v. Shields, 11 La. Ann. 395; State v. Brown, 40 La. Ann. 725, 4 So. 897; State v. Brown, 41 La. Ann. 410, 6 So. 670; State v. Clark, 46 La. Ann. 705, 15 So. 83; State v. Jones, 46 La. Ann. 1395, 16 So. 369; State v. Thomas, 50 La. Ann. 148, 23 So. 250; State v. Hicks, 113 La. 781, 37 So. 753; State v. Parks, 115 La. 767, 40 So. 39; State v. Cook, 117 La.

116, 41 So. 434; State v. Kinchen, 126 La. 39, 52 So. 185; State v. Birbiglia, 149 La. 4, 88 So. 533.

The reason for the rule was mentioned in the case last cited (State v. Birbiglia), viz:

"The reason why the judge must instruct the jury, in all prosecutions for murder, that they, may render a verdict of manslaughter, is that his failure to do so would leave the jury with no other alternative than to convict the defendant of murder or acquit him entirely. It would be the same as for the judge' to instruct the jury as to what the evidence in the case was; whereas the judge has no right to comment upon the facts or evidence in the case. In State v. Hicks, 113 La. 779, 37 So. 753, the judge's charge was declared erroneous, because he instructed the jurors that, although they had the power to render a verdict of manslaughter in the case, if they did so, it would be without his consent. That was the same as to tell the jurors that, under the evidence, they had no other alternative than to find the defendant guilty of murder or not guilty."

The reason for the rule makes it as appropriate in a prosecution for shooting with intent to commit murder as it is in a prosecution for murder. It is true there are two decisions to the effect that, in a prosecution for shooting with intent to commit murder, the defendant waives his right to complain if he does not, before a verdict is rendered, request the judge to charge the jury that a conviction of shooting with intent to kill would be a responsive verdict. See State v. Marqueze, 45 La. Ann. 42, 12 So. 128, and State v. Wright, 104 La. 44, 28 So.'909. The opinion rendered in the Marqueze Case is not at all persuasive; and, in the Wright Case, the court intimated that the decision would not be followed as a precedent; viz:

"We deem this, however, an opportune occasion to admonish district judges that they should, in all cases where the law permits of other conclusions than that of simple 'guilty' or 'not guilty,' carefully instruct the jury as to the several verdicts that may be responsive to the indictment."

The ruling in the case quoted was founded upon the statement of the district judge that the defendant and his attorney had tacitly consented—and virtually requested —that the jury should not be instructed that a verdict of guilty of shooting with intent to kill would be a responsive verdict. The instruction would have been given if the defendant or his attorney had requested it. We quote again from the opinion, viz.:

"The judge, in the bill, says the failure to charge that other verdicts than that of 'guilty,' or 'not guilty,' could be found, was an oversight, but that neither defendant nor his counsel, both present at the time, raised any objection, and that, at the close of the charge, to the inquiry from the bench whether or not he desired any special charge given, counsel replied in the negative."

On the contrary, in the case before us, the district judge virtually admits that he would not have instructed the jury that a verdict of guilty of shooting with intent to kill would be a responsive verdict, if the defendant or his attorney had asked for the instruction. In overruling the motion for a new trial the judge said that his reason for not instructing the jury that a conviction of the crime of shooting with intent to kill would be a responsive verdict was that the evidence in the case did not, in his estimate . of it, warrant a conviction for shooting with intent to kill. We quote from the statement per curiam, viz.:

"The charge did not charge that the jury might bring in a verdict of guilty of shooting with intent to kill. There was no evidence offered by either the state or the defense that would have supported or tended to support a verdict of shooting with intent to kill. All the evidence that the state offered showed that the shooting was with the intent to murder. All the evidence of the defense, and practically none was offered except by the defendant himself, was offered in self-defense; the defendant himself testifying that he shot the prosecuting witness, and did it to save his life. There was no evidence of provocation, heat of passion, or anything else, offered by the defendant or by the state, that would have justified any other verdict than guilty as charged, or not guilty." .

The judge contends, in the statement per curiam, that, even though he should not have given the instruction that the jury might render a verdict of guilty of shooting with intent to kill—because the defendant had testified that he had shot the man in self-defense, and because the testimony therefore went too far in the way of showing provocation for the shooting—nevertheless the defendant should have made the futile request for the instruction that the jury might render a verdict of shooting with intent to kill. Inasmuch as the judge would not have given the charge if it had been requested, we cannot reasonably hold that the defendant should suffer for omitting the futile request. Lex non cogit ad vana seu inutilia.

In another statement per curiam it is admitted that there was some testimony from which the jury might have concluded that the prosecuting witness (Tom Smith) was shot while he and the defendant were engaged in a fight; and from which, surely, the jury might have concluded that the crime was not shooting with intent to murder, but shooting with intent to kill. We refer to the judge's statement in the bill reserved to the overruling of the defendant's objection to the testimony of the prosecuting witness (Tom Smith), called in rebuttal, viz.:

"This testimony tended to rebut testimony given by the defendant himself. It was the theory of the state, supported by practically all the testimony on that point, that the witness Tom Smith was shot by the defendant while the witness was unarmed, and walking away from the defendant. The defendant testified that he shot Tom Smith while the latter was advancing on the defendant, and while Tom Smith was holding a knife in his left hand, and had his right fist raised to strike; the defendant claiming that he shot at the knife which the witness was holding in his left hand, and therefore hit the witness in the left hand, that being the place where he was shot.

"In order to show that the witness Tom Smith was unarmed at the time of the shooting,

and to contradict the defendant's testimony, the state recalled Tom Smith, who testified that he was right-handed; the inference, of course, being that a right-handed man would not fight with a knife in his left hand."

If it had been the judge's province to decide the questions of fact with regard to the question of guilt, or the degree of guilt, the judge might have been quite right in his conclusion that there was no middle ground for the jury to take—that, if Tom Smith had died from the wound, the defendant would have been either guilty of murder or not guilty at all. But it was the province of the jury alone to determine whether there was sufficient provocation only to mitigate the crime, or sufficient to amount to justification. It is sometimes a close question whether the facts and circumstances of a felonious homicide, or felonious shooting, warrant the conclusion, beyond a reasonable doubt, that the crime was committed with malice aforethought. It was not an unilateral proposition in this case.

The record and sentence are annulled, and the case is remanded to the district court for a new trial consistent with this opinion.

## On Rehearing.

BRUNOT, J. The defendant appealed from a conviction and sentence for the crime of shooting with intent to commit murder.

The case was submitted to Division A, and the judgment rendered therein annulled the verdict and sentence, and remanded the case for a new trial. On the application of the state a rehearing was granted, and the case is now submitted to the court en banc.

It is correctly stated in the original opinion that the only question in the case is whether the judge should have charged the jury, without being requested to do so, that the defendant might be found guilty of the crime of shooting with intent to kill. In the body of the opinion it is said:

"Inasmuch as the judge would not have given the charge if it had been requested, we cannot reasonably hold that the defendant should suffer for omitting the futile request."

In view of the judge's per curiam to bill No. 4, we do not think the facts support the court's assumption that the charge would have been refused if properly and timely requested. The judge says:

"No request was made of the court to charge that the defendant might be found guilty of shooting with intent to kill, the question was not raised until the motion for a new trial was filed. There was no error in refusing to charge that the jury might find the accused guilty of shooting with intent to kill, when there was no evidence offered to support that verdict, but, even if there had been an error, defendant cannot avail himself of it for the first time on a motion for a new trial. He should have requested the charge, and then, had the court failed to give it, taken a bill of particulars."

[1] It is the settled law of this state that the judge must be given an opportunity to correct his charge at the time of its delivery. State v. Bush et al., 117 La. 463, 41 So. 793; State v. McCrocklin, 130 La. 108, 57 So. 645; State v. Miller, 125 La. 260, 51 So. 189; State v. Salter, 48 La. Ann. 197, 19 So. 265; State v. Laborde, 48 La. Ann. 1491, 21 So. 87; State v. Dudoussat, 47 La. Ann. 977, 17 So. 685; State v. Thomas, 34 La. Ann. 1084.

[2] In this case no request was made for a special instruction, and no objection was noted to the whole or to any part of the charge given. In criminal cases this court can only review errors which are patent on the face of the record, or such as are brought before it through bills of exception properly and timely taken.

[3] The jurisprudence of the state is that, except where the accused is charged with murder, it is not the duty of the judge to enumerate the lesser grades of the same generic class of crimes or to instruct the jury with reference to any lesser grade thereof, unless the evidence offered in the case warrants such a charge. State v. Kemp, 120 La. 378, 45 So. 283; State v. O'Connor, 119 La. 464, 44 So. 265; State v. Johnson, 116 La. 30, 40 So. 521; State v. Parks, 115 La. 765, 40 So. 39; State v. Fruge, 106 La. 694, 31 So. 323; State v. Pastor, 111 La. 717, 35 So. 839; State v. Matthews, 111 La. 966, 36 So. 48.

[4] In a prosecution for murder the judge must, regardless of the proof or the want of proof, charge the jury that the defendant may be convicted of manslaughter. Section 785 of the Revised Statutes makes it the duty of the judge to do so, and this court has so often and so consistently held the judge to the performance of that duty that it is needless to cite those authorities.

In State v. Birbiglia, 149 La. 4, 88 So. 533, the court suggests a reason for this rule, and in the original opinion herein the court found that reason as appropriate in a prosecution for shooting with intent to commit murder as in a prosecution for murder. That view is inconsistent with the authorities cited supra, and with the two cases reviewed in the original opinion, viz., State v. Marqueze, 45 La. Ann. 42, 12 So. 128; and State v. Wright, 104 La. 44, 28 So. 909. In both of these cases it is held that in prosecutions for shooting with intent to commit murder the defendant waives his right to complain, if he does not, before a verdict is rendered, request the judge to charge the jury that a verdict of shooting with intent to kill would be a responsive verdict.

On reconsidering this case we are of the opinion that the accused had a fair trial and that no reversible error is found in the record. For these reasons the judgment of this court heretofore rendered herein is avoided, and it is now ordered, adjudged, and decreed that the verdict and sentence appealed from are affirmed. Appellant is reserved the right to apply for a rehearing.

O'NIELL, C. J. (dissenting). The defendant was prosecuted under an indictment accusing him of shooting a man named Tom Smith, with intent to commit murder, and was found guilty as charged.

The defense was a plea of self-defense. The main question presented on this appeal is whether the judge should have instructed the jury that a verdict convicting the defendant of the crime of shooting with intent to kill would be responsive to the indictment, if, in the opinion of the jury, the evidence in the case justified such verdict, or if there was a reasonable doubt that the shooting was done with malice. The defendant did not request that the charge should be given. But that is a matter of no importance in this case, because the judge admits, in his statement per curiam, that his reason for omitting the charge was, not that the defendant did not request it, but that he, the judge, was of the opinion that the evidence did not warrant a verdict of guilty of shooting with intent to kill.

It was said in the opinion originally rendered in this case that the judge would not have given the charge if he had been requested to give it. There was no mistake in that statement. It was taken from the record, and on the assumption that the judge would have been consistent. He argued extensively, in his statement per curiam, that he should not have given the charge, because, in his judgment, the evidence, which he narrated, did not warrant a verdict of guilty of shooting with intent to kill. The judge's statement, in that respect, was quoted in our original opinion in this case. It is true the judge did say, after explaining why he should not have given the charge if it had been requested, that the defendant should have made the request. But that was only a matter of argument on the part of the judge, which, I respectfully submit, was not consistent or well founded. I repeat, therefore, that the defendant should not be blamed or prejudiced for having failed to make a prompt request or complaint, when the judge frankly admits that it would have been a vain and futile request or complaint if it had been made more promptly.

I respectfully call attention to the fact that the opinion which has been submitted for our approval in this case, on rehearing, is inconsistent, in that it embodies two irreconcilable propositions. First, it is assumed that the judge would have given the charge if the defendant had requested it, and then it is said that the judge should not have given the charge, when the evidence, in his judgment, did not justify it. First, it is said:

"In view of the judge's per curiam to bill No. 4, we do not think the facts support the court's assumption that the charge would have been refused if properly and timely requested."

Then it is said:

"The jurisprudence of the state is that, except where the accused is charged with murder, it is not the duty of the judge to enumerate the lesser grades of the same generic class of crimes, or to instruct the jury with reference to any lesser grade thereof, unless the evidence offered in the case warrants such a charge."

The cases cited in support of this ·last statement, in the opinion which has been submitted for our approval, are all cases in which the defendant asked for a special charge and the judge refused it, because, in his opinion, the evidence did not justify it. Of course, the judge cannot be compelled to give the jury a special charge or instruction upon a proposition of law not relevant to the issues in the case. Therefore, when there is no evidence at all to which the jury might apply a proposition of law to be given in a special charge or instruction requested by the defendant, the judge should not give the charge. In a word, the judge should not waste the time of the court and becloud the issues with instructions upon abstract or irrelevant principles of law.

But the doctrine of the decisions referred to does not make the judge the judge of questions of fact pertaining to the question of guilt or innocence of the party accused. It does not allow the judge to decide upon the weight or sufficiency of the evidence in the case, or upon the veracity of the witnesses, for that is forbidden by the Constitution itself. If there is any evidence at all upon an issue of fact upon which the jury might come to one conclusion or another, the judge should instruct the jury upon the law applicable to both or either of the hypotheses.

In a prosecution for the crime of shooting with intent to murder, if the defendant pleads that the shooting was done in self-defense, the question whether it was done maliciously or only in the heat of passion is a question for the jury to decide, as surely as is the question whether the shooting was done feloniously or in self-defense. In every case of felonious shooting of a person, if the prosecution be for malicious shooting, as in this case, the question whether there was or was not malice in the crime is essentially a question for the jury—not the judge—to decide, and it is often a very close or doubtful question.

In this case, the statements per curiam, annexed to the bills of exception, show that there was evidence on which the jury might well have found the defendant guilty of the crime of shooting with intent to kill, if the jury had been informed that the verdict would be responsive to the indictment. The judge's statements show that there was a difficulty between the defendant and Tom Smith, and that the defendant and his witnesses testified that Tom Smith was armed with a knife and was in a hostile attitude when the defendant shot him. From the judge's explanation, it appears that the reason why he did not instruct the jury that a verdict for shooting with intent to kill would be responsive to the indictment was, not that there was no evidence to warrant the verdict, but that he, the judge, did not believe the testimony of the defendant or of the other witnesses who testified in his behalf. Let me say, with great respect for the judge, that it was not his province to say or decide that the jury should believe the testimony of Tom Smith and his witnesses, and not believe the testimony of the defendant or of his witnesses. I cannot imagine a plainer case of usurpation of the province of the jury. I quote now from the judge's statements, showing that he took away from the jury, and decided for himself, the questions of veracity of the witnesses, and the ultimate question of guilt, or degree of guilt, of the defendant in this case, viz.:

"It was the theory of the state, supported by practically all the testimony on that point, that the witness Tom Smith was shot by the defendant while the witness was unarmed and walking away from the defendant. The defendant testified that he shot Tom Smith while the latter was advancing on the defendant, and while Tom Smith was holding a knife in his left hand, and had his right hand raised to strike, the defendant claiming that he shot at the knife which the witness was holding in his left hand, and therefore hit the witness in the left hand, that being the place where he was shot.

"In order to show that the witness Tom Smith was unarmed at the time of the shooting, and to contradict the defendant's testimony, the state recalled Tom Smith, who testified that he was right-handed; the inference, of course, being that a right-handed man would not fight with a knife in his left hand. * * *

"It being the theory of the state, supported by practically all the evidence in the case, that Tom Smith was shot by the defendant while he, Tom Smith, was unarmed and walking away from the defendant, and, the defendant himself having testified that he fired on Tom Smith when the latter was advancing with an upraised knife in his left hand, the court permitted the witness Tom Smith to be recalled by the state, and his testimony that he was unarmed and did not even have a knife in his pocket was admitted. * * *

"There was no evidence offered by either the state or the defense that would have supported or tended to support a verdict of shooting with intent to kill. All the evidence of the defense, and practically none was offered except

by the defendant himself, was offered in self-defense, the defendant himself testifying that he shot the prosecuting witness, and did it to save his life. There was no evidence of provocation. heat of passion, or any thing else, offered by the defendant or by the state, that would have justified any other verdict than guilty as charged, or not guilty."

From the judge's statement that there was "practically" no evidence in favor of the defendant except his own testimony, I infer that there was some, though perhaps not much, corroborating evidence. But, even if the testimony of the defendant had been uncorroborated, it was the province of the jury, not the judge, to decide upon its sufficiency or worth. The law has made the defendant a competent witness in his own defense.

From the judge's statements per curiam it is unreasonable to say that the jury could not have found that the felonious shooting was done in the heat of passion, and not with malice aforethought, as the jury found. Therefore, even under the doctrine that the judge should not have given a charge that would not have been relevant to any issue in the case, he should have charged the jury in this case that they might find a verdict for shooting with intent to kill, if, in their judgment, the shooting was done in the heat of passion, or if there was a reasonable doubt that it was done with malice aforethought.

I understand that a majority of the members of this court are of the opinion that the district judge would have been compelled to charge the jury with regard to the verdict of shooting with intent to kill, if the defendant's attorney had requested it, no matter what the judge thought of the evidence on the subject. The idea of the justices who have that opinion is that the district judge should have been reminded of his duty in the matter, in order that he might have corrected his error or omission. The judge himself, however, concedes that such a request or reminder on the part of the defendant would have been futile, because, under the judge's opinion of the evidence, the charge should not and would not have been given if it had been requested. It will not do to say that the judge did not know whether he would or would not have given the charge if it had been requested. He says, in substance, that he did not give the charge, because, under his judgment of the facts, it would have been wrong to give the charge even if it had been requested. That is the same as to say that he would not have given the charge if it had been requested. Surely under that statement of the judge, the issue as to whether the charge should have been given is as squarely presented to us as if the charge had been requested.

But I maintain that, even if the judge had taken the position that he would have charged the jury with regard to the verdict of shooting with intent to kill, if the defendant had requested it, the verdict in this case should be set aside, because it was the duty of the judge to give the charge, without any request on the part of the defendant. The difference between the crime of shooting with intent to murder and the crime of shooting with intent to kill is the same as the difference between the crime of murder and the crime of manslaughter; that is, in the one case there is malice aforethought and in the other case there is only the heat of passion. In a prosecution for murder, the judge must. without being requested, charge that the jury may render a verdict of manslaughter if the evidence justifies it. There is no statute requiring the judge to charge or instruct the jury on the subject of manslaughter, in prosecutions for murder.

Section 785 of the Revised Statutes merely declares:

"There shall be no crime known under the name of murder in the second degree; but on trials for murder the jury may find the prisoner guilty of manslaughter."

In like manner, on trials for shooting with intent to murder, the jury may find the pris-

oner guilty of shooting with intent to kill, if the evidence shows that the shooting was felonious but not malicious, or if the evidence shows beyond a reasonable doubt that the shooting was felonious but leaves a reasonable doubt as to whether it was malicious. The reason why the judge must instruct the jury on the subject of manslaughter, in all prosecutions for murder, is that the question whether the killing was done with malice is always a relevant question for the jury to decide. And so is the question whether the shooting was done with malice, in prosecutions for shooting with intent to murder.

The idea that the judge must instruct the jury on the subject of manslaughter in all prosecutions for murder, but need not instruct the jury on the subject of shooting with intent to kill, unless he be so requested, in prosecutions for shooting with intent to murder, cannot possibly be reconciled on principle or reason, and no attempt is made to reconcile it in the opinion which has been submitted for our approval in this case.

It will not do to say that the judge's charge that the jury may render a verdict for shooting with intent to kill, if the facts justify it, might mislead the jury into rendering such a verdict when the facts do not justify it. As Chief Justice Nicholls, for the court, said, in State v. Robertson, 48 La. Ann. 1070, 20 So. 297, where the prosecution was for shooting within intent to murder:

"We do not know what effect the refusal to charge may have had upon the jury, or what verdict the jury would have rendered had the requested charge been given. It may be that a verdict other than the one actually rendered would have been contrary to the law and the evidence, and the accused would have been called to receive a lighter punishment than he deserved under the law and the evidence, but had such a verdict been returned we would have been forced to accept it as correct. We are of the opinion that, if the accused had the legal right to claim that the court should have charged as he requested, the mere fact that through that charge the jury might have been induced to unwarrantably and unjustifiably return a lighter verdict than the evidence would have justified would not warrant us in denying him the right of having the charge given, let the result before the jury be what it might."

This doctrine that the judge would have been compelled to charge the jury on the verdict of shooting with intent to kill, if the defendant had requested it, and without regard to the evidence in the case, affirms that the request for the charge is a matter of no importance. It is only in those cases, where the judge may refuse to give the charge if he deems it irrelevant, that the defendant is not entitled to the charge unless he requests it. In those cases, of course, the defendant has the absolute right, under the Act 113 of 1896, to have the evidence reduced to writing and attached to his bill of exceptions, in order that this court may decide whether the requested charge would have been relevant to the issues in the case. It will be violative of the Constitution, and be productive of anomalous consequences, if we maintain that, in prosecutions for shooting with intent to murder, the defendant may have the evidence reduced to writing and brought up with his bill of exceptions, in order that we may decide whether the jury might reasonably have found the defendant guilty of shooting with intent to kill.

Of the several cases cited in the opinion which has been submitted for our approval, there is only one that is at all appropriate. It is the decision in State v. Marqueze, 45 La. Ann. 41, 12 So. 128, by Justice Breaux. As we said in the opinion which we have already handed down in this case, the reasons for the decision in State v. Marqueze are not persuasive. Besides, in State v. Marqueze, the district judge did not take the position, in his statements per curiam, that he would not have given the charge if it had been requested. On the contrary, the inference of the court was that the judge would have giv-

en the charge if it had been requested. In the case before us the issue as to whether the defendant should have requested the charge is eliminated by the judge's statement, in substance, that he would not have given the charge if it had been requested.

In the original opinion which I handed down in this case I was mistaken in regarding the decision in State v. Wright, 104 La. 44, 28 So. 909, as one in which the prosecution was for shooting with intent to murder. The same mistake is made, quite naturally, in the opinion which is now submitted for our approval, on rehearing. Even so, this court took occasion to say, in State v. Wright:

"We deem this, however, an opportune occasion to admonish district judges that they should, in all cases where the law permits of other conclusions than that of simple 'guilty' or 'not guilty,' carefully instruct the jury as to the several verdicts that may be responsive to the indictment."

I respectfully submit that the opinion which has been submitted for our approval in this case, on rehearing, is fundamentally wrong, and has no precedent in our jurisprudence.