THOMPSON, J.
 

 The defendant appeals from a sentence at hard labor for not less than six nor more than nine years.
 

 The crime for which he was convicted was shooting with a dangerous weapon with intent to murder.
 

 The only complaint requiring notice was made in a motion for a new trial, and is that the trial judge failed to charge the jury that
 
 *751
 
 a verdict could be rendered finding the defendant guilty with intent to kill.
 

 The judge states, as his reasons for overruling the motion for a new trial, that such a verdict would not have been responsive to, nor justified by, the evidence adduced on the trial; that the evidence clearly showed that the defendant had threatened to kill Mrs. Marie Larriviere, the victim of the shooting; that he had prepared himself several hours in advance to commit the crime; that he purchased cartridges for his pistol for the avowed purpose of doing the shooting; that he entered the promises of the said Marie Larriviere by climbing over the gate and proceeded to the entrance to the kitchen where he immediately shot her while she held her infant .grandchild in her arms; that the shooting was deliberate and without provocation.
 

 The judge further states that no exception was made to the charge as given to the jury, but, .on the contrary, the counsel for the accused expressed approval of the charge in open court and in the presence of the jury.
 

 It is now well settled in the jurisprudence of this court:
 

 That, except in a prosecution for murder, the judge need not enumerate lesser grades of same generic class of crimes, nor instruct the jury as to any lesser- grade, unless the evidence warrants such charge, and especially in the absence of any request for such a charge timely made by the defendant.
 

 That a defendant waives the right to complain'of failure to charge on shooting with intent to kill in a trial for shooting with intent to murder, by not requesting such charge before verdict. State v. Braxton, 157 La. 738, 103 So. 24, on rehearing; State v. Green, 160 La. 79, 106 So. 701.
 

 The conviction and sentence are affirmed.
 

 Q’NIELL, O. X, dissents from the reason given in State v. Braxton, 157 La. 741, 103 So. 27. ’ ’.....' " " ’ '' ' ‘