LIPSCOMB, J.
There are two objections taken to the grand jury by which the bill in this case was returned :
1st. That the first was a legal grand jury, and there was no- ground for sustaining the challenge to the array.
Note 16.—Van Hook v. The State, 12 T., 252,
2d. That this second grand jury was drawn from a venire facias that had been -illegally Issued before the motion challenging the array had been made, and whilst the‘first was recognized as a legal jury.
The objection, supposed by the court below tobe fatal to the first grand jury, that three of their members who had been sworn were not qualified jurors because their names had not been entered on the jury-list kept by the County Court was certainly valid as to the qualification of those persons,, and would have been a valid objection to a bill found by the grand jury whilst those persons composed a portion of its members. But it would not follow that it would disqualify the remaining- members of the jury. Had the names of the three illegal jurors been dismissed from the panel, there would have remained still a legal grand jury of thirteen members. If, however, the withdrawal of the illegal jurorsjiad reduced the jury under thirteen, the.lowest number constituting a grand jury, it. would have been competent for the court to have made up their.number by drawing a sufficient number from the original- venire, if it had not been exhausted; and if it had been, by summoning others for that purpose. (Hart. Dig-., art. 1651.) We are therefore of opinion that the court below, in quashing the first panel of grand jurors, erred, and that it tvas the legal grand jury forthe term.
The issuance of the venire facias for the second grand jury was illegal in this: that it was issued whilst the first was recognized as the legal grand jury, and before any proceedings had been taken to set it aside.
The grand jury by which the bill was found and returned not being a legal grand jury, there was no error in quashing the indictment, and the same is affirmed.
Judgment affirmed.