The opinion of the court was delivered by
McEnery, J.
The defendant was indicted for grand larceny and convicted. He complains that the grand jury which found the indictment against him was illegally constituted.
When the grand jury was impaneled, one of the members was under indictment for selling liquor to a minor.
He was incompetent. State vs. Thibodeaux, 48 An. 600.
The trial judge on the next day, before the grand jury had transacted any business, discharged the incompetent juror, and substituted for him another from the list of grand jurors drawn for the term. His name was drawn from the box in which the names of grand jurors had been placed.
Section 4 of Act 89 of 1894 requires the jury commission to select *1447 twenty-four citizens, who shall constitute the list from which the grand jury is drawn to serve for the term for which they are drawn. These twenty-four citizens’ names are placed in an envelope, sealed and deposited in the jury box, and put in the custody of the clerk. They are deposited with this official for service, if necessary during the term, in case of a disqualified juror, or in the event of the jury being reduced below the lowest number constituting a grand jury, to be drawn to supply the required number.
The discharge of those not needed to organize the grand jury did not have the effect of relieving them from further service if required.
The proper practice is to dismiss the disqualified grand juror and let the panel remain undisturbed, unless it be reduced below the required limit for the legal existence of the jury. State vs. Causey, 48 An. 897; State vs. Jacobs, 6 Texas, 99.
But the restoration of the full number from the list of grand jurors drawn for the term does not vitiate the findings of the jury, because it is legally constituted from those required to serve during the term of court. If it was competent for the court to'cause the jurors to be drawn to keep f the jury from falling below the required number to transact business, he could keep the jury up to the number as originally impaneled. State vs. Jacobs, 6 Texas, 99.
In the case of Commonwealth vs. Burton, 4 Leigh, 645, in a case similar in all respects to this, the court said: “In this case the grand jury as first impaneled was not legally constituted. If it had found the indictment the want of qualification in the member subsequently withdrawn, might, and no doubt, would have been pleaded in abatement; so that, if the doctrine contended for by the defendant should prevail, the swearing of a single unqualified juror would put an end to the business of the grand jury for the whole term.”
In this State it might be that the panel could be reduced below the minimum number, and the court, if defendant’s contention should prevail, would be powerless to transact criminal business. Such a contingency has been provided against by the selection of twenty-four citizens from whom the grand jury is selected, the names of the entire number being placed in the custody of the clerk to be drawn as occasion requires.
Judgment affirmed.