MONROE, J.
Defendant, having been convicted of assaulting by “shooting at” one Daniel Wilcox, moved for a new trial, on the grounds (1) that the judge failed to charge the jury that they might convict him of an offense of a lower grade than that charged; (2) that having been prosecuted, on separate affidavits, for “assaulting, beat *465 ing and wounding,” and for “assaulting, by willfully shooting at,” and the same testimony having been heard in support of both charges, and having been acquitted of the charge first mentioned, such acquittal operated as a bar to his prosecution on the charge last mentioned; (3) of newly discovered evidence. The objection to the charge of the judge should have been made when the charge was delivered. It came too late on the motion for new trial. It is only in prosecutions for murder that the judge is required, of his own motion, to instruct the jury as to verdicts for offenses of lower grades than that for which the accused is prosecuted. In other cases such instruction should not be given, even though requested, unless called for by the evidence adduced. State v. Wright, 104 La. 44, 28 South. 909; State v. Thomas, 50 La. Ann. 154, 23 South. 250; State v. Fruge, 106 La. 694, 31 South. 323; State v. Johnson, 116 La. 30, 40 South. 521; Marr’s Cr. Jur. p. 779; Rev. St. § 785.
The defense of autrefois acquit must be specially pleaded before verdict, and cannot be set up by way of motion for new trial, or in arrest of judgment. Bishop’s New Cr. Pr. §§ 799, 803; State v. Washington, 28 La. Ann. 129; State v. Bates, 38 La. Ann. 491. It is true, as counsel for defendant says, that the Constitution provides that no one shall be “twice put in jeopardy of life or liberty for the same offense, except on his application for a new trial, or when there is a mistrial, or a motion in arrest of judgment is sustained”; but from the languages thus used, and from other provisions of the Constitution, it appears to be within the contemplation of that instrument that, whenever a crime shall have been committed, there shall be a trial, the method of conducting which is left to the legislative and judicial branches of the government, and, when a method is provided which affords to the accused an opportunity to present his defenses, his failure to avail himself of such opportunity is his fault, and not that of the Constitution or those whose duty it is to enforce it..
The allegation as to newly discovered evidence appears not to have been sustained by' the fact. The motion in arrest of judgment was based on the belated plea of autrefoisacquit, and was properly overruled.
We find no error in the judgment appealed; from, and it is accordingly affirmed.