(81 South. 745)

No. 23454.

STATE v. VAUGHN.

(May 5, 1919.)

*(Syllabus by Editorial Staff.)*

1. GRAND JURY ⟨⟩5—IMPANELING—QUALIFICATIONS OF JURORS.

One drawn for grand jury duty, who is a resident of an adjoining parish, is properly excused in the impaneling of the jury.

2. HOMICIDE ⟨⟩23(1)—INDICTMENT AND INFORMATION ⟨⟩185—PROSECUTION FOR MANSLAUGHTER UNDER INDICTMENT CHARGING MURDER.

Under an indictment charging murder, the state may, after the jury has been ·impaneled, abandon the charge of murder and proceed with a prosecution for manslaughter, since under Rev. St. § 785, there is no crime known as murder in the second degree.

3. HOMICIDE ⟨⟩337—REVIEW — HARMLESS ERROR—ABANDONMENT OF MURDER CHARGE.

Since, in a prosecution under an indictment ·charging murder, the state may abandon the murder charge and obtain a conviction for manslaughter, the abandonment of the charge of murder, if error, was not prejudicial, where the verdict was unanimous.

4. HOMICIDE ⟨⟩163(2) — EVIDENCE — CHARACTER OF DECEASED.

In a homicide case, evidence of the bad character of deceased is not admissible, in the absence of any issue making such evidence relevant.

5. HOMICIDE ⟨⟩127 — INDICTMENT—SUFFICIENCY—CHARGE OF LESSER OFFENSE.

An indictment charging that defendant committed an assault "willfully," and then and there did the killing "feloniously and with malice aforethought," even if not sufficient to charge murder, was sufficient to charge manslaughter.

6. HOMICIDE ⟨⟩312—VERDICT—SUFFICIENCY.

In a homicide case, where the district attorney announced that he would abandon the ·charge of murder and proceed with the prosecution for manslaughter, a verdict, "Guilty as charged," was equivalent to a verdict of "Guilty of manslaughter."

Appeal from Seventh Judicial District Court, Parish of Richland; ·John R. McIntosh, Judge.

Frank Vaughn was convicted of manslaughter, and he appeals. Affirmed.

J. M. Durham, of Rayville, and W. H. Todd, of Bastrop, for appellant.

A. V. Coco, Atty. Gen., and C. J. Ellis, Dist. Atty., of Rayville (Thomas W. Robertson, of New Orleans, of counsel), for the State.

O'NIELL, J. Defendant appeals from a conviction of manslaughter and a sentence of five years' imprisonment in the penitentiary. He presents five bills of exception taken to the rulings of the district judge.

[1] Bill No. 1 was reserved to the overruling of a motion to quash the indictment. The complaint was that, among the 20 names selected by the jury commissioners for grand jury duty, was that of a resident of an adjoining parish. The evidence taken on the trial of the motion shows that the nonresident had been, until a short time before he was selected for grand jury duty, a resident of the parish where the trial was had. The jury commissioners were not aware that he had changed his domicile. When his name was drawn, in the impaneling of the grand jury, he was excused by the judge because of his change of domicile. There was no error in excusing him. The judge might legally have excused a grand juror for incompetency, and might have had a substitute drawn from the list selected by the jury commission, even after the grand jury had been impaneled. See State v. Causey, 43 La. Ann. 897, 9 South. 900; State v. Jenkins, 43 La. Ann. 917, 9 South. 905; State v. Reiz, 48 La. Ann. 1446, 21 South. 28; State v. Meaux, 48 La. Ann. 1518, 21 South. 1029; State v. Brooks, 48 La. Ann. 1519, 20 South. 905; State v. Jonas, 48 La. Ann. 1570, 21 South. 1028; State v. Furco, 51· La. Ann. 1082, 25 South. 951. It would hamper the

administration of justice unreasonably to hold that an accidental selection of an incompetent one among the 20 names selected by the jury commission for grand jury duty should render the entire proceedings invalid.

[2] Bill No. 2 was taken to a ruling allowing the district attorney, over the objection of defendant's counsel, and after the jury had been impaneled and sworn to try this case, to abandon the charge of murder and proceed with a prosecution for manslaughter under the indictment charging murder.

Under the law of this state (Rev. St. § 785), there is no crime known as murder in the second degree; but, on a trial for murder, the jury may find the person accused guilty of manslaughter. The only two grades of felonious homicide, in the law of this state, are murder and manslaughter. It is well settled that the state may, at any time during a prosecution for a crime in the nature of which are included all the elements of a less serious offense, abandon the prosecution for the graver crime and proceed with the prosecution for the less serious one. See State v. Evans, 40 La. Ann. 216, 3 South. 838, and authorities cited in 27 Cent. Dig. Indictment and Information, § 575.

[3] It is true that, in a prosecution for murder, the defendant could not have been convicted, even of manslaughter, except by a unanimous verdict; whereas, in a prosecution for manslaughter, he might have been convicted by a verdict concurred in by only 9 of the 12 jurors. In that respect, however, the abandonment of the charge of murder was not prejudicial to the defendant in this case, because the verdict was unanimous.

[4] Bill No. 3 was reserved to a ruling sustaining an objection to testimony offered by defendant to prove that the victim of this homicide had been indicted for murder, had pleaded guilty of manslaughter, and had been sentenced to imprisonment for 20 years in the penitentiary. It is stated in the bill that defendant's purpose in offering the evidence was to prove the bad character of the deceased. One of the objections urged by the district attorney and sustained by the judge was that the evidence already introduced did not make the question of good or bad character of the deceased an issue in the case. There is no evidence to show, nor averment in the bill, that the question as to who was the aggressor in the fatal difficulty was an issue in the case. It is not alleged that the deceased attacked defendant, or made a hostile demonstration, or that defendant acted in self-defense. As far as the record discloses, therefore, there was no issue to which evidence of bad character of the deceased was relevant. In the absence of such issue, evidence of bad character of the deceased, like evidence of previous threats on his part, is not admissible. See State v. Bryan, 138 La. 338, 70 South. 318; Rice on Evidence (Criminal) vol. 3, p. 575, § 362; Wharton's Crim. Ev. (10th Ed.) vol. 2, § 912.

Bill No. 4 was reserved to the overruling of a motion for new trial, alleging merely that the verdict was contrary to the law and the evidence. The complaint does not present a question of law for decision, and is therefore not within the jurisdiction of this court.

Bill No. 5 was reserved to the overruling of a motion in arrest of judgment. The complaints made in the motion were, first, that the indictment did not accuse defendant of the crime of murder, because it did not charge that the homicide was committed "willfully"; and, second, that the verdict, "Guilty as charged," was invalid because, as defendant contends, there was no charge pending against him after the state had abandoned the prosecution for murder.

[5] The indictment charged that defendant committed an assault "willfully" and then and there did the killing "feloniously and of his malice aforethought." It appears from the statement per curiam in the bill of ex-

ception that the district attorney's reason for abandoning the prosecution for murder and proceeding with the prosecution for manslaughter was that he doubted the validity of the indictment for murder. There is no doubt of the validity of the indictment for manslaughter. Hence it would be of no avail to appellant, who was convicted of manslaughter, if we should hold that the language of the indictment was not sufficient to charge the crime of murder, but sufficient to charge the crime of manslaughter.

[6] The complaint that the verdict, "Guilty as charged," was not responsive to any charge against defendant after the state had abandoned the prosecution for murder is without merit. The defendant remained charged with manslaughter when the district attorney announced to the judge and jury that he abandoned the charge of murder and would proceed with the prosecution for manslaughter. The jury being so informed, their verdict, "Guilty as charged," was the same as to say, "Guilty of manslaughter."

The verdict and sentence appealed from are affirmed.