DIXON, Justice.
Robert Howard Cooley was indicted for murder by the Vernon Parish Grand Jury for the October 23, 1969 slaying of Carl Proegler, a United States Army sergeant stationed at Fort Polk, Louisiana. The deceased was en route to visit a soldier friend, Jerry Rayborn, in the community of Slagle, Louisiana. Defendant pursued the deceased at a high rate of speed in his truck to the Rayborn home. Defendant thereafter jumped from his truck with shotgun in hand, went to the deceased’s car, pointed the shotgun in the center of the deceased’s chest and remarked, “Nobody throws a finger at me and gets away with it.” The two then argued. Defendant pulled the trigger fatally wounding Proegler. Defendant then left the scene in his own truck.
Bill of Exceptions No. 1 was reserved to the trial court’s refusal to sustain a motion for a new trial on the ground that the verdict returned by the jury finding the defendant guilty of manslaughter on an indictment for murder was a compromise, pure and simple, there not being one scintilla of evidence to show that the defendant was guilty of manslaughter. That is, he contends that the record in the case is devoid of any evidence tending to show that the deceased did anything to the defendant that would have produced sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of self control and cool reflection.
There is no merit to this bill. As stated by this court in State v. Vial, 153 La. 883, 894, 96 So. 796, 800:
“Under our peculiar jurisprudence, arising from the fact that on trials for *771 murder the jury may find the prisoner guilty of manslaughter, although the evidence may show him to be guilty of murder, it is necessarily true that a verdict for manslaughter operates as an acquittal of the charge of murder, especially as it is the mandatory duty of the trial judge, whether so requested or not, to charge the jury that they may return a verdict for the lesser crime, regardless of the fact that the evidence may prove the graver offense to have been committed. State v. Cook, 117 La. 114, 41 So. 434; State v. O’Conner, 119 La. 464, 44 So. 265; State v. Ford, 37 La.Ann. 443; State v. Brown, 40 La.Ann. [725], 727, 4 So. 897; State v. Brown, 41 La. Ann. 410, 6 So. 670; State v. Clark, 46 La.Ann. 704, 15 So. 83; State v. Thomas, 50 La.Ann. 148, 23 So. 250; State v. Wright, 104 La. [44], 45, 28 So. 909; State v. Hicks, 113 La. 779, 37 So. 753.”
Our legislature has seen fit to make the crime of manslaughter responsive to the charge of murder. C.Cr.P. art. 814. It has historically been so. Under R.S. 1870, § 785, manslaughter was made a lesser included offense to the charge of murder.
“Murder is a felonious homicide committed with malice aforethought. Manslaughter is a felonious homicide committed, without malice aforethought, in the heat of passion arid upon adequate provocation. Manslaughter is included in the charge of murder, and; by express statute on the subject, it is provided that on all trials for murder the jury may find the prisoner guilty of manslaughter. R.S. 1870, § 785; McClain, Cr.Law, vol. 1, § 338.
“Malice aforethought is an essential element of the crime of murder. It is the aggravating element which raises a felonious homicide to the higher grade of murder. When this element is wanting, the homicide, if unlawful, is still felonious, but is reduced to the lower grade of manslaughter. In the case of State v. Fontenot, 131 La. 60, 58 So. 1033, we said:
“ ‘The state had the right to abandon the charge of murder and try the accused for manslaughter. Why should the accused complain of being relieved of all chance of conviction of the greater offense?’
“In State v. Vaughn, 145 La. 31, 81 So. 745, the district attorney abandoned the charge of murder, after the jury had been impaneled, and proceeded with a prosecution for manslaughter under the indictment. This court held:
“ ‘It is well settled that the state may, at any time during a prosecution for a crime in the nature of which are included all the elements of a less serious offense, abandon the prosecution for the graver crime and proceed with the prosecution for the less serious one.’ ” State v. Vial, 153 La. at 893-894, 96 So. at 800.
*773 Today, under our peculiar set of statutes, a person can plead guilty to the crime of attempted murder under an indictment for murder, provided such is agreeable to the district attorney, (C.Cr.P. art. 487(B)), even though attempted murder is not a responsive verdict to murder under C.Cr.P. art. 814. Prior to the enactment of C.Cr.P. art. 487 (as amended), one could still plead guilty to the lesser offense of attempt under R.S. 14:27 although not a responsive verdict. R.S. 14:27 in pertinent part provides :
"An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.”
If there is sufficient evidence in the record to support a conviction for a greater offense (which includes the one for which the defendant is convicted), the evidence necessarily and automatically will support a conviction of the lesser offense which has been made responsive by legislative action.
Bill of Exceptions No. 2 was reserved to the trial court’s failure to maintain a motion to suppress a certain 12 gauge shotgun which was allegedly seized illegally by the Vernon Parish sheriff’s, deputies. The shotgun was introduced in evidence at the trial. The trial judge in his per curiam to the bill stated that he thought that the. defendant’s wife had acquiesced in the actions of Deputy Joe Parker when he took the gun into his possession and that such amounted to consent.
The arrest of the defendant at his home was lawful. At the time of the arrest, the officers observed a shotgun in the corner of one of the rooms. One officer picked up the gun and smelled it. He testified that it smelled as though it had been recently fired. However, they were under the impression at that time that the crime had been committed with a rifle and for that reason did not take the shotgun with them when they took the defendant to jail. Shortly after the defendant was taken to jail, the officers were advised that the decedent had been killed by a shotgun blast to the abdomen.
Deputy Joe Parker returned to the defendant’s home. Mrs. Cooley answered the door. Deputy Parker told her how sorry he was about everything and asked where the gun was. Mrs. Cooley told him and he picked it up and left with it.
In examining the record before us, we find that the defendant never contends that his wife did not consent to the seizure of the shotgun. The closest that defendant ever comes to contending that there was no. consent is in his brief addressed to this court when he says:, “He, [Joe Parker] never requested permission of Mrs. Cooley *775 to search for the weapon, never explained her constitutional right to demand that he get a search warrant to search the premises but just went in, got the shot gun and shell that had been in the gun earlier, and left on his return trip to the sheriff’s office in Leesville.”
Defendant cites State v. James, 246 La. 1033, 169 So.2d 89, rev’d James v. Louisiana, 382 U.S. 36, 86 S.Ct. 151, 15 L.Ed.2d 30, and State v. Wells, 253 La. 925, 221 So.2d 50, for the proposition that the seized evidence was inadmissible because the seizures were illegal. We find that the two cases are not applicable.
In James, the seizure was made at James’ residence which was two blocks in distance from the point of the arrest. The police had no search warrant. The United States Supreme Court held that “A search can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest.”
In Wells, a search and seizure was made by the police upon a search warrant that issued without a showing of probable cause. The court accordingly reversed.
Neither is Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 applicable. The United States Supreme Court there held that a hotel clerk could not consent to a search of a hotel room because the clerk had no authority to authorize the search and because a hotel room is constitutionally protected against unreasonable searches and seizures.
Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, is not inapposite.
In State v. Comeaux, 252 La. 481, 494, 211 So.2d 620, 624, this court said:
“. . . But we agree with the State’s other contention that the search made with the consent of the wife was lawful and the evidence obtained as a result thereof was properly admitted. The question of consent is purely a factual one ...”
As the Supreme Court of Iowa said in the case of State v. Shephard, 255 la. 1218, 124 N.W.2d 712, 717:
“The 4th and 14th Amendments are not designed to help a guilty party escape the consequences of his act. Their purpose is to protect a person and his property from arbitrary and unreasonable searches and seizures. It is the ‘right of privacy’ that is protected. The fact that the invasion of this right has on occasions resulted in the freeing of a party who might actually be guilty of crime is incidental. Therefore if the party who has possession or control of the premises and property voluntarily consents to a search, the right of privacy is not invaded and the fact the search may disclose evidence tending to incriminate an absent party who may4 *777 have an equal right to possession or control does not affect the reasonableness or legality of the search.”
We hold, therefore, that under the facts presented in this case, the actions of defendant’s wife constituted consent to the seizure by Deputy Parker of the shotgun. There is no merit to Bill of Exceptions No. 2.
The conviction and sentence are affirmed.