319 So.2d 912 (1975)
STATE of Louisiana
v.
Wilie MADISON and Frank Chaney, Jr.
No. 56237.
Supreme Court of Louisiana.
October 1, 1975.
Rehearing Denied October 31, 1975.
*913 Harold J. Brouillette, Marksville, for Willie Madison.
Michael F. Kelly, Marksville, for Frank Chaney, Jr.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Eddie Knoll, Dist. Atty., R. H. Luke, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendants, Willie Madison and Frank Chaney, Jr., were indicted on June 17, 1974 along with Joseph Lemons and James Lee for the July 4, 1974 armed robbery of Willie Daigrepont's store in Avoyelles Parish. Lemons and Lee pleaded guilty to the charge and were sentenced. Madison and Chaney pleaded not guilty, and were subsequently convicted by a jury on December 14, 1974 of simple robbery; both men were then sentenced to fifty-eight months in the custody of the department of corrections. Both defendants have appealed, relying on two specifications of error.

Specification of Error No. 1
The first alleged error was the failure of the trial judge to direct a verdict of acquittal at the close of the State's case. Article 778 of the Code of Criminal Procedure stated (until amended by Act 527 of 1975):

*914 "In a jury trial the court may direct a verdict of not guilty of one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
"If the court denies a defendant's motion for a directed verdict or judgment of acquittal at the close of the state's case, the defendant may offer his evidence in defense."
This court has held that the trial judge's ruling on a motion for a directed verdict will be reversed only if we find, as a matter of law, that there is "no evidence" of an essential element of the offense in the record. State v. Ford, 315 So.2d 276 (La.1975); State v. Williams, 311 So.2d 850 (La.1975); State v. Douglas, 278 So.2d 485 (La.1973).
The evidence adduced at the trial shows that the defendants, along with Lemons and Lee, were drinking on the 4th of July in the city of Alexandria. When money to buy more liquor ran low, Lemons suggested he knew a good way to get more money, i. e., to steal it. The others agreed. Thereupon, they set out in a car, owned and driven by defendant Chaney, toward Marksville, along a route Lemons had used a couple of years earlier as a deliveryman. They passed several stores along the route, but did not enter these because cars were parked outside. When they reached the Daigrepont store they first passed it by, then turned around and stopped in the driveway. Lemons gave Lee a .22 caliber pistol with instructions to follow him into the store a few minutes later. While the others remained in the car, Lemons went in and three or four minutes later Lee entered brandishing the pistol. Mr. Daigrepont thereupon surrendered his wallet, containing about $250.00 in cash. Lemons and Lee ran out and jumped into Chaney's car, which sped off toward Alexandria. When they arrived in Alexandria the four went to Chaney's back yard and divided up the money, getting about $65.00 each.
The defendants do not question the fact that an armed robbery occurred at the Daigrepont store. Their contention is that there was no evidence to convict them of the robbery. R.S. 14:24 states:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
Madison and Chaney were present when the plan was confected in Alexandria. Both were in the car, which was owned by Chaney, when the actual search for a victim began. When a suitable store was found both Madison and Chaney remained in the car ready to render assistance if needed and did not attempt to leave while the active participants were in the store. Both defendants witnessed Lemons pass the gun to Lee before entering Daigrepont's store. The defendants left with Lemons and Lee and sped off toward Alexandria with them. Finally, both Madison and Chaney took their share of the stolen money. Under these circumstances there is, at least, some evidence that both defendants were in fact principals to this crime.
In State v. Williams, 310 So.2d 513, 515 (La.1975), the court held:
"Nevertheless, the trial jury's commonsense inference that the defendants aided and abetted in the robbery is not mere speculation based upon guilt by association. *915 We find the inference to be reasonably based upon the actions of the defendants both prior and subsequent to the robbery, as indicating a scheme or plan to commit in concert a robbery if they located a store with a single attendant. If the evidence was so reasonably accepted by the trial jury, it excluded other reasonable hypotheses of innocence.
"Therefore, since the inference was reasonably based upon evidence tending to exclude an innocent explanation for the defendant's actions at the time of the robbery, we are unable to find a total lack of evidence such as is required before granting a directed motion of acquittal."
Since there was some evidence that the defendants were principals, the trial judge did not err in denying the motion for a directed verdict. State v. Douglas, supra.
In further support of their motion for a directed verdict, the defendants argue that the very fact that the jury returned a verdict of guilty of simple robbery, when it was not contested that an armed robbery took place, shows that the defendants were in fact not principals to this crime. This argument is without merit. In State v. Peterson, 290 So.2d 307, 311 (La.1974), this court held:
". . . In Louisiana, when there is evidence to prove the greater offense, it is the jury's province to determine the existence vel non of lesser culpability and exercise the statutory right to return the manslaughter verdict. See State v. Cooley, 260 La. 768, 257 So.2d 400 (1972). This Court will not look to the evidence to make such a determination."
Finally, the defendants argue that C.Cr. P. 803 as applied to this case violates the due process clause of the United States Constitution by mandating the trial judge to authorize a jury to return a verdict of guilty of a lesser included offense when there is no rational basis for a conviction of any offense except that charged. This procedure, defendants argue, invites compromise verdicts. In State v. Cooley, 260 La. 768, 257 So.2d 400, 401, 402 (1972), a similar attack was rebutted:
"`Under our peculiar jurisprudence, arising from the fact that on trials for murder the jury may find the prisoner guilty of manslaughter, although the evidence may show him to be guilty of murder, it is necessarily true that a verdict for manslaughter operates as an acquittal of the charge of murder, especially as it is the mandatory duty of the trial judge, whether so requested or not, to charge the jury that they may return a verdict for the lesser crime, regardless of the fact that the evidence may prove the graver offense to have been committed. State v. Cook, 117 La. 114, 41 So. 434; State v. O'Conner, 119 La. 464, 44 So. 265; State v. Ford, 37 La.Ann. 443; State v. Brown, 40 La.Ann. [725], 727, 4 So. 897; State v. Brown, 41 La.Ann. 410, 6 So. 670; State v. Clark, 46 La. Ann. 704, 15 So. 83; State v. Thomas, 50 La.Ann. 148, 23 So. 250; State v. Wright, 104 La. [44], 45, 28 So. 909; State v. Hicks, 113 La. 779, 37 So. 753.'

. . . . . .
"If there is sufficient evidence in the record to support a conviction for a greater offense (which includes the one for which the defendant is convicted), the evidence necessarily and automatically will support a conviction of the lesser offense which has been made responsive by legislative action."
Our law places in the trier of fact the discretion to return a verdict of guilty of certain lesser offenses, less serious than the one charged, in nature and in the penalty. The defendant cannot complain that the jury has mitigated the limits of the punishment to be suffered by the defendant. He has not been prejudiced, *916 even when all the evidence shows guilt of the offense charged (the greater offense), and the jury returns a verdict of guilty of a lesser included offense.
Specification of Error No. 1 is without merit.
Specification of Error No. 2
The second alleged error was the failure of the trial judge to give defendants' requested charge No. 3 to the jury. The requested charge reads:
"In order to find the defendants guilty of an offense, the jury must find beyond a reasonable doubt that: (a) the defendants knew about the plan to commit a robbery and (b) either the defendants did an act to help in the commission of the offense or that the defendants hired, asked, or advised those directly concerned in the commission of an offense to commit the offense, all with the specific intent to commit an offense."
Without discussing the inadequacy of the requested charge, we find that the trial judge's general charge more than adequately set out the applicable law for the jury. C.Cr.P. 807 states:
"The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
Since the judge's general charge included every essential of the requested charge, it was not error to refuse to give the requested charge. State v. Lee, 281 So.2d 123 (La.1973).
Specification of Error No. 2 is without merit.
Accordingly, the convictions and sentences are affirmed.
MARCUS, J., concurs.
SANDERS, J., concurs and assigns written reasons.
BARHAM, J., dissents and assigns written reasons.
BARHAM, Justice (dissenting).
I am of the opinion that when the evidence clearly makes a lesser offense impossible as a responsive verdict, the jury should not be charged that the lesser offense is responsive to the indictment. Moreover, the lesser offense should not be included in the list of responsive verdicts given to the jury. The facts in this case, without dispute, make this defendant, if he is guilty of any robbery, guilty only of armed robbery. There is no dispute that one of the participants used a dangerous weapon during the occurrence. Simple robbery is not sustained by the facts and cannot be a valid responsive verdict.
I respectfully dissent.
SANDERS, Chief Justice (concurring).
I agree that the convictions and sentences here should be affirmed. I disagree, however, with the dicta that the jury has a role in assessing the penalty and in mitigating the limits of the punishment. The function of the jury is to determine guilt following the guidelines laid down by the trial judge. Under these guidelines, the guilty verdict may be of the offense charged or of a lesser included offense. It is well established that the jury has no role *917 in determining the penalty or in mitigating punishment. State v. Hill, La., 297 So.2d 660 (1974); State v. Lewis, La., 296 So.2d 824 (1974); State v. Blackwell, La., 298 So.2d 798 (1973); State v. Harris, 258 La. 720, 247 So.2d 847 (1971); State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); 35 La.L.Rev. 501-502 (1975).
For the reasons assigned, I respectfully concur.