382 So.2d 914 (1980)
STATE of Louisiana
v.
Clyde A. "Rock" GISCLAIR.
No. 65504.
Supreme Court of Louisiana.
April 7, 1980.
Michael S. Fawer, Matthew H. Greenbaum, New Orleans, Jean E. Williams, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Pat Quinlan, Asst. Attys. Gen., for plaintiff-respondent.
DIXON, Chief Justice.
Between November 1, 1974 and July 1, 1975, Clyde A. "Rock" Gisclair, the assessor *915 for St. Charles Parish, was assisted in the renovation of his camp by several employees of the parish assessor's office. This work was performed during regular working hours and the only pay that the employees received was their salaries from the state. On June 3, 1977 the defendant was charged with two counts of theft[1] in violation of R.S. 14:67 and one count of public payroll fraud in violation of R.S. 14:138. The defendant, having waived his right to a jury trial, was tried by the trial judge and found not guilty on the charge of theft and public payroll fraud. Instead, he was found guilty of unauthorized use of movables: the services of state employees, in violation of R.S. 14:68, a responsive verdict to a charge of theft according to C.Cr.P. 814(A)(23). The defendant filed a motion for a new trial, urging that the verdict was contrary to the law and the evidence in that the trial judge's finding of guilt was based on a misinterpretation of R.S. 14:68. The motion was denied on January 26, 1979, and the defendant was sentenced to pay a fine of $100.00. Defendant's application for writs was granted to review his conviction.
The defendant was originally charged under the theft statute, R.S. 14:67, which provides:
"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential."
He was found guilty of unauthorized use of movables, R.S. 14:68, which provides:
"Unauthorized use of movables is the intentional taking or use of any movable which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial."
The legislature has expressly provided in C.Cr.P. 814(A)(23) that unauthorized use of movables constitutes a proper responsive verdict to a charge of theft since all of the elements of R.S. 14:68 are included within R.S. 14:67. This court has held that where there is evidence to prove the greater offense, it follows that the evidence necessarily and automatically will support a conviction of the lesser offense which has been made responsive by the legislature, without looking at the evidence to make such a determination. State v. Qualls, 353 So.2d 978 (La.1978); State v. Peterson, 290 So.2d 307 (La.1974); State v. Cooley, 260 La. 768, 257 So.2d 400 (1972).
Therefore, the first question which must be answered is whether there is evidence in this case to prove the greater offense of theft of services. The relevant count in the indictment returned against the defendant charged that he committed theft of services and funds[2] in excess of $500.00 belonging to the parish and the state. The trial judge held that there was insufficient proof of any specific intent on the part of defendant to permanently deprive the state of anything of value and therefore no conviction could lie under the theft statute. The judge concluded that the state had suffered no deprivation or loss of the services of its employees because the services which were allegedly taken under traditional working hours were returned to the state during other hours of the day and night. The trial judge was correct in this part of his analysis but in looking at the sufficiency of the evidence to prove the crime of theft we must go one step further. In defining anything of value, R.S. 14:2(2) provides that:
"`Anything of value' must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or *916 incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term `property.' In all cases involving shoplifting the term `value' is the actual retail price of the property at the time of the offense."
"Services" fall within the broadest possible construction of "anything of value." But whether services can be the object of theft does not end with that inquiry. The indictment charges that the services belonged to the parish and the state. The parish and the state cannot own the services of their employees. It has been held that ownership of services is not conveyed by a contract with the party to whom they are rendered because the knowledge or skill which a man possesses is not subject to ownership. Gonsalves v. Hodgson, 38 Cal.2d 91, 237 P.2d 656 (1951). Human effort and work are not the subject of ownership. If anyone owns them it is the employees themselves,[3] and in this case there is no charge that the services were stolen from the employees.
Support for this proposition can be found in a decision of the Ninth Circuit in Chappell v. United States, 270 F.2d 274 (1959), where an Air Force sergeant was charged with converting to his own use the services of an airman in painting, during duty hours, property of the sergeant. The court found that an employee's services were not a thing of value belonging to the United States which could be the object of theft. See Comment, 12 Stan.L.Rev. 663 (1959-1960). In the absence of a specific statute, it is usually held that use of the labor or services of another does not constitute larceny. Lafave & Scott, Criminal Law, § 87, 634 (1972). For this reason many modern statutes make it theft to steal labor or services or the use of property.[4] Because there is no such statute in Louisiana, a person cannot be convicted in this state of the theft of services of employees under the present theft statute. Therefore, there was no evidence presented to prove that the defendant was guilty of the greater offense of theft.
Nor do we find evidence sufficient to support a conviction for the lesser included offense of unauthorized use of movables, defined in R.S. 14:68. In his motion for a new trial, the defendant contended that the services of employees are not "movables" as that term is used in R.S. 14:68. In denying the defendant's motion, the trial judge equated the meaning of "movables" with the definition of "anything of value" found in R.S. 14:2(2) and determined that services constituted movables. There can be no foundation for his ruling. The unauthorized use of movables statute was commonly known as the joy riding statute and was meant to cover specific tangibles. The history of the statute indicates that it was intended to cover mainly the unauthorized use of automobiles. The Reporter's Comments observe that the unauthorized use of any movable, including such objects as vehicles generally, farm implements, livestock, etc., is included within the statute.[5] It is clear that the choice of the term "movables" in the statute was due to the lack of another term to describe the tangible objects covered under prior laws. The services of employees are not tangible objects and cannot be the object of a charge of unauthorized use of movables under R.S. 14:68. Therefore, there was no evidence of an essential element of the unauthorized use of movables.
*917 For the reasons assigned, defendant's conviction and sentence are reversed and the indictment is dismissed.
DENNIS, J., concurs.
WATSON, J., dissents.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I do not agree with the conclusion of the majority that "movable" in La.R.S. 14:68 includes only tangible objects. I consider that it also includes incorporeal movables. However, labor of an employee is not a thing subject to ownership by an employer. As noted in the majority opinion, if anyone owns human effort and work, it is the employee himself, and in this case there is no charge that the services were stolen from the employees. Accordingly, I respectfully concur.
NOTES
[1] The state dismissed one of the counts of theft at trial.
[2] The record is totally devoid of any evidence that the defendant stole any funds.
[3] See Jones v. Leslie, 61 Wash. 107, 112 P. 81 (1910).
[4] See Cal.Penal Code § 484; Ill.Rev.Stat. Ch. 38, § 16-3; Minn.Stat.Ann. § 609.52; Model Penal Code § 223.7.
[5] The unauthorized use of movables statute was enacted to combine several earlier statutes. See Acts 1892, No. 30, § 1 (using animal of another); Acts 1914, No. 168, § 1; Acts 1920, No. 91, § 1 (using automobile of another); Acts 1934, No. 209, § 1 (milking cow of another); Acts 1938, No. 286, § 12, subsec. (1) (using automobile of another).