LEMMON, Justice,
concurring.
This is one of a series of cases affected by the confusion resulting from the numerous revisions of the first and second degree murder statutes following Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), and Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).[1] See State v. Williamson, 389 So.2d 1328 (La.1980); State v. Morris, 397 So.2d 1237 (La.1981); State v. Payton, 361 So.2d 866 (La.1978); State v. Perkins, 375 So.2d 1179 (La.1979).
At the. time of the offense charged in this case second degree murder included only felony murder (an unintentional killing committed during the commission of certain enumerated felonies). Thus, although legislatively designated a responsive offense by C.Cr.P. Art. 814 second degree murder was not then a lesser and included offense of first degree murder (then defined to include all specific intent killings).[2] The problem is that the legislatively authorized responsive verdict of second degree murder, which was returned by the jury, was not truly a lesser and included offense and was not supported by the evidence.
In State v. Dauzat, 392 So.2d 393 (La.1980), this court set aside an aggravated battery verdict returned by a jury following a trial on an indictment charging attempted murder. The evidence presented at the trial would have supported a guilty verdict of attempted murder. However, the evidence did not support a verdict of aggravated battery, because the state did not prove that a battery was committed.[3] This court reversed, effectively rejecting the logic of some of our earlier cases which implied that a legislatively authorized responsive verdict *1192 (under C.Cr.P. Art. 814) would be affirmed if the evidence supported a conviction for the offense charged. See State v. Peterson, 290 So.2d 307 (La.1974). As was noted in Dauzat, such cases involved responsive verdicts of true lesser and included offenses. See State v. Cooley, 260 La. 768, 257 So.2d 400 (1972).
In Dauzat Chief Justice Dixon, writing for the majority, stated:
“In Booker we declined to overturn State v. Cooley, supra, and the cases which held that if there is some evidence in the record to support a conviction for a greater offense, the evidence will also support a conviction of the lesser offense which has been made responsive by the legislature. However, we added the proviso ‘so long as the elements of the lesser offense are included in the greater offense.’ State v. Booker, supra, at 1190. We must now hold that in some cases evidence offered to support a conviction for a greater offense will not necessarily and automatically support a conviction for a lesser offense which has been made responsive by legislative action. Where the definition of the greater crime does not necessarily include all the elements of the lesser, we will have to determine whether there is any evidence to support the conviction for the lesser offense even though it is a legislatively designated responsive verdict. Where there is a total lack of evidence to prove the presence of an element contained in the lesser crime, but not in the greater, the conviction must be reversed.” (Emphasis supplied.)
As did Dauzat, this case involves a legislatively authorized responsive verdict which was not truly a lesser and included offense and which was not supported by the evidence. Here, as in Dauzat, we must reverse the conviction and discharge the defendant both as to the greater offense of first degree murder (from which there was an implied acquittal by virtue of the verdict returned under C.Cr.P. Art. 598) and as to the statutorily responsive offense of second degree murder (because the insufficiency of evidence necessitates a discharge.)[4] On remand a new trial may be held on any lesser offense (such as manslaughter) supported by the evidence.[5]

. See Acts 1976 No. 657; Acts 1977 No. 121; Acts 1978 No. 796; and Acts 1979 No. 74.

. All of the elements of second degree murder were not included in the greater offense of first degree murder, because second degree murder required proof of an underlying felony. See State v. Booker, 385 So.2d 1186 (La.1980).

.The evidence in Dauzat showed that the defendant shot at the victim, missing him and striking his automobile. Therefore, there was no proof that the defendant used force or violence upon the person of the victim, as required by R.S. 14:33 and 14:34.

. See Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).

. This was the approach taken in Dauzat. Our decree should not be misinterpreted as barring further prosecution for the lesser offense, such as manslaughter. See State v. Tompkins, 403 So.2d 644 (La.1981).