SEXTON, Judge.
The defendant appeals his conviction on April 11,1986, for the offense of attempted possession of a schedule II controlled dangerous substance, for which he was subsequently sentenced to one year at hard labor. The defendant perfected two assignments of error in the trial court but argues only for reversal on the basis of the second assignment. The assignment not briefed is considered abandoned. U.R.C.A. 2-12.4. We affirm the defendant’s conviction.
In the assignment argued, the defendant asserts that the trial court erred in overruling his objection to an amendment to the bill of information after trial had begun. He contends that this amendment was one of substance and therefore LSA-C.Cr.P. Art. 487[1] mandates that a mistrial should have been granted upon his motion. He also contends that the amendment prejudiced the defendant in his defense.
The record reflects that the initial bill of information against the defendant was filed June 11, 1985. The title of the bill reads “Dist. Sch. II — Preludin’’ and “Poss. Sch. II w/Intent.” The body of the bill of information states that the named defendant
“committed the offense of Dist. Sch. II-Preludin; Poss. Sch. II w/Intent as set forth in R.S. 40:967A1; 40:967, in that he COUNT #1: did knowingly and intentionally distribute a Schedule II, controlled dangerous substance, to-wit; Pre-ludin (Phenmetrazine) to Frank Ellis, COUNT #2: did knowingly and intentionally possess and have under his control, a Schedule II, controlled dangerous substance, to-wit. Preludin (Phenmetra-zine),
Thus, the title of the bill with respect to count two charges possession of a schedule II substance with intent to distribute that substance — both at the top of the bill and in the body thereof. However, count two as written obviously only charges the defendant with simple possession of the subject controlled dangerous substance.
This inconsistency, which originated defendant’s contention here, was apparently first noticed by the trial judge just before the trial began. The record shows that at 1:30 p.m. on April 7, 1986, before the trial began, the trial judge noted that while the title of count two indicated a charge of possession with intent to distribute, that count two as written only charged simple possession. The trial judge then noted to counsel that the modes of trial were different for the two charges joined in the bill called for trial, and pointed out that joinder of the offenses for trial was improper. LSA-C.Cr.P. Art. 493.
The state initially sought to amend count two to charge possession with intent. Subsequent to the comment of defense counsel, “Wait a minute, I didn’t understand that,” an off the record discussion occurred between counsel for the defendant and the assistant district attorney. Shortly thereafter, the state orally moved to sever the two counts, indicating it would shortly file a new bill with respect to count two. The trial judge then recessed court, stating that *1263 court would reconvene at 2:00 p.m. that afternoon to commence trial.
When court was called to order at 2:00 p.m., an off the record conference occurred at the bench followed by another short recess. The record shows that when court was again called to order, the court announced the charge at issue as No. 131,117, State of Louisiana versus Roosevelt Brown. Both sides announced ready, whereupon, a prospective jury panel of six persons was seated for voir dire examination, which continued throughout the afternoon.
Obviously, trial was commenced on count number two, the count which was originally mislabled. Also, the trial judge specifically noted at the beginning of trial the next day that it was his understanding that the state was proceeding on count two, a charge of simple possession.
The trial judge’s comment in this regard came subsequent to an inquiry from defense counsel concerning “the amended bill of information that was filed this morning with the Court.” The record colloquy between the court and the clerk indicated that the severed bill of information reflecting the charge of simple possession[2] was indeed filed that morning.
Specifically, defense counsel complained that the new charge did not accuse the defendant of the more serious offense of possession with intent but simply charged him with possession of a controlled dangerous substance. Defense counsel did not point out any specific prejudice other than to argue that the change of the title of the charge from possession with intent to simple possession was a defect of substance mandating a mistrial under Art. 487 of the Code of Criminal Procedure. In addition to failing to specify any prejudice, defense counsel did not seek a continuance in accordance with LSA-C.Cr.P. Art. 489.[3] Thus, at this point in the trial, defendant’s contention centered on the alleged amendment to conform the title with the text of the body of the severed bill of information.
However, he now argues to us that the amended charge “changed the character of his defense” in that it was now necessary that he show that “he did not exercise the requisite dominance and control over the drugs found in the area.” The defendant fails to amplify this argument other than to state that he was “clearly misled to his prejudice in preparation of his defense against distribution and possession with intent to distribute, instead of simply [sic] possession.”
We admit to difficulty in discerning the nature of the prejudice that defendant contends he encountered as a result of the severance and amendment of the title of the severed bill. Further, we are unable to discern any prejudice. Possession of a controlled dangerous substance is obviously responsive to a charge of possession of the same controlled dangerous substance with intent to distribute. LSA-C.Cr.P. Art. 815; State v. Williams, 464 So.2d 822 (La.App. 5th Cir.1985). Thus, proof of the more serious offense amounts to proof of the lesser included offense. State v. Cooley, 260 La. 768, 257 So.2d 400 (La.1972).
In other words, even if the state’s theory of the case and the state’s evidence contradicts the lesser included offense, the jury is within its province in finding a guilty verdict for the lesser offense if the evidence shows that the defendant is guilty of the more serious offense. State v. Cooley, su *1264 pra.[4] Thus, if the defendant indeed proceeded under the misunderstanding that he was charged with the more serious offense of possession with intent, he was certainly on notice that it was necessary that he defend for all lesser included offenses.
It is important to observe what has actually occurred in the instant cause. The defendant was initially jointly charged with two separate drug offenses. The title of count two and the body of the count as written in the bill were inconsistent. The body of the bill charged a lesser included offense of that reflected by the title. The two offenses reflected in the title section of the bill are triable by the same mode of trial. Those reflected in the body of the bill are not.
The trial court noted the inconsistency prior to the beginning of trial and the state orally indicated its intention to sever and to try the defendant on count two. The trial was commenced when voir dire examination began with a six person jury panel. LSA-C.Cr.P. Art. 761. The state thereafter formally filed the severed bill of information. Defense counsel objected because the defendant was no longer charged with possession “with intent,” even though trial had obviously begun on the offense of simple possession.
The Code of Criminal Procedure clearly indicates that the nature of the charge against a defendant is determined by the “indictment.”[5] An indictment is defined as the written accusation of the crime. LSA—C.Cr.P. Art. 383. More specifically, it is defined as “a plain, concise and definitive written statement of the essential facts constituting the offense charged.” LSA-C.Cr.P. Art. 464. Thus, it is not the title of the offense which is determinative of the nature of the offense or “indictment,” but it is rather the substance thereof. See also, State v. Bira-bent, 305 So.2d 448 (La.1974). Indeed, as Art. 464 points out, error in the citation of the offense, or even its omission, is not grounds for dismissal or reversal absent a showing of prejudice, although the article requires that the customary statutory citation be provided for each offense charged.[6]
Thus, it is clear that the amendment of the bill to change the title of the offense charged is not one of substance and is therefore an amendment which may occur after trial has commenced. LSA-C.Cr.P. Art. 487.
Moreover, the fact that the trial had actually begun before the severed bill was filed does not constitute reversible error. In State v. Sermon, 404 So.2d 261 (La. 1981), commencement of trial against one of two orally severed defendants without the filing of an additional bill of information was held not to be error absent a showing of prejudice, as the defendant was obviously aware of the nature of the charge against him. In State v. Boutte, 441 So.2d 336 (La.App. 5th Cir.1983), the court reached the same result where the bill on the severed charge was not filed until subsequent to the swearing of the first witness. Likewise, in State v. Cross, 461 So.2d 1246 (La.App. 1st Cir.1984), the state’s motion for severance of two jointly charged defendants made subsequent to the impaneling of the jury was held not to be reversible where the defendant was ob *1265 viously aware of the nature of the circumstances prior to the beginning of trial.
We thus determine that reversible error has not occurred in this cause. In the instant case, the state moved for a severance prior to the commencement of trial to correct a defective joinder. The trial then was begun on what was originally count two. During voir dire, a bill of information was filed to reflect the severance. This bill corrected an error in the title thereof so that the title and body of the new bill charged the defendant with a lesser included offense of that named in the original title of the count at issue. The defendant was clearly aware of the nature of the charge to which he proceeded to trial even though the severed bill was filed approximately a half day later during voir dire. Specific prejudice has not been shown by the defendant and we are unable to discern any. Thus, error has not occurred. The defendant’s conviction is affirmed.
AFFIRMED.

. LSA-C.Cr.P. Art. 487 reads as follows:
Art. 487. Defective Indictment; amendment
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.

. This bill indeed had no defects of title or substance.

. LSA-C.Cr.P. Art. 489 reads as follows:
Art. 489. Continuance where amendment prejudicial
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determing whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy.

. State v. Cooley, supra, involved a murder prosecution which resulted in a manslaughter verdict. On appeal, the defendant argued that the record was devoid of any evidence showing that the deceased did anything to the defendant to cause sudden passion or heat of blood sufficient to deprive one of self-control and cool reflection. The court rejected this argument on the basis noted.

. The term "indictment” in the Code of Criminal Procedure is synonymous with the term "affidavit" or "bill of information.” LSA-C.Cr.P. Art. 461.

.LSA-C.Cr.P. Article 464 reads in full as follows:
Art. 464. Nature and contents of Indictment
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.