814 So.2d 547 (2002)
STATE of Louisiana
v.
Shelia LITTLE.
No. 2001-K-2218.
Supreme Court of Louisiana.
March 28, 2002.
*548 PER CURIAM.
Granted. Respondent's conviction and sentence are reinstated. Attempted crime against nature is a valid responsive verdict to the charge of crime against nature under La.R.S. 14:89(A)(2). See La.C.Cr.P. art. 815 (in cases not covered by La. C.Cr.P. art. 814, responsive verdicts are guilty; guilty of a lesser and included grade of the offense; and not guilty); La. R.S. 14:27(C)("An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.").
Because lesser and included grades of the charged offense are "those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged .... the evidence which would support a conviction of the charged offense would necessarily support a conviction of the lesser and included offense." State ex rel. Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982) (citing State v. Cooley, 260 La. 768, 257 So.2d 400 (1972)). In the present case, the defendant violated R.S. 14:89(A)(2) when she negotiated with the officer and ultimately agreed to perform oral sex for twenty dollars. Accordingly, though the defendant actually solicited (and did not merely "attempt" to solicit) the officer to commit crime against nature, under R.S. 14:27(C) the district judge could return a verdict of the lesser offense of attempted crime against nature. See State v. Credeur, 328 So.2d 59, 61 (La.1976) ("The crime for which the defendant is charged, namely aggravated crime against nature, does not appear in article 814; therefore, it follows that `attempt' is a responsive verdict."); State v. Wallace, 466 So.2d 714, 716 (1985) (Because "any rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of crime against nature.... there was enough evidence to find defendant guilty of attempted crime against nature."). See generally State v. Porter, 93-1106, pp. 4-9 (La.7/5/94), 639 So.2d 1137, 1140-42 (reviewing the authorities); State v. Dufore, 424 So.2d 256, 258 (La.1982) ("Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged.").