| THIBODEAUX, J.,
dissenting.
The majority concludes that the Defendant’s failure to object to the sufficiency of the indictment waives any argument regarding that indictment. Further, the facts support a finding that the Defendant was not without notice of the charge of aggravated rape. I disagree.
It was unnecessary for the Defendant to question the sufficiency of the indictment. The indictment was sufficient to charge a valid crime — the crime of forcible rape. The indictment does not violate La.Code Crim.P. art. 487. It does not contain “any defect or imperfection in, or omission of, any matter of form only,” nor is it insufficient “because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein.” La.Code Crim.P. art. 487(A). The indictment conforms with La.Code Crim.P. art. 464 in that it is “a plain, concise, and definite written statement of the essential facts constituting the offense charged.” La.Code Crim.P. art. 464. While there is a discrepancy between the statute number and the description of the crime charged, “[ejrror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a | ^conviction if the error or omission did not mislead the defendant to his prejudice.” La.Code Crim.P. art. 464.
The charging document, the indictment, fairly informed him of the charge of forcible rape. While the majority finds that the Defendant was not without notice of the charge of aggravated rape, a bill of particulars is not a “charging document” nor is an opening statement a “charging document.”
In State v. Birabent, 305 So.2d 448 (La.1974), cert. denied, 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975), the grand jury charged the defendant with having unlawfully killed the victim, which conformed to the short-form indictment for manslaughter as set out in La.Code Crim.P. art. 465. However, the back of the indictment contained the endorsement “murder.” After the first witness testified, the error was called to the court’s attention by defense *368 counsel, who moved that the court restrict the reception of evidence to that pertaining to manslaughter. The court agreed and at that point, the state- requested it be allowed to amend the bill or that the court grant a mistrial. The judge granted a mistrial and the following month, the state filed a motion seeking to correct the indictment to charge murder. At the hearing on the motion, the grand jury foreman testified that the grand jury had voted to indict the defendant for murder. Thus, the court allowed the correction of the bill and an arraignment date was set. The defendant then filed a motion to quash the bill on the grounds of double jeopardy. Specifically, the defendant contended that the court erred in .granting the mistrial because the charging instrument was a valid indictment for manslaughter; thus, to allow prosecution on a corrected bill would constitute double jeopardy. The trial court denied the motion to quash. On appeal, in addressing whether the reprose-cution of the defendant would constitute double jeopardy, the supreme court was called upon to determine whether the mistrial was legally ordered under the provisions of La.Code 13Crim.P. art. 775. The ground for a mistrial which was at issue was whether “[t]here [was] a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law.” The court stated:
We acknowledge that a substantial defect in the indictment would be grounds under La.C.Cr.P. art. 775(3) for the declaration of a mistrial. Such a defect in the indictment would constitute “a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law.” See Official Revision Comment (g) to La. C.Cr.P. art. 775. Therefore the central issue for our determination is whether the indictment which formed the basis for relator’s prosecution contained a substantial defect.
There did not exist in this prosecution a legal defect which would render any judgment entered upon a verdict reversible as a matter of law. The indictment which formed the basis for the relator’s prosecution was a perfectly valid indictment for the crime of manslaughter. The word “MURDER” and the alphabetical and numerical statutory designation “1950 L.R.S. 14:30” do not constitute any part of the finding of the grand jury; the endorsement is not a substantive part of the charge. [FN 2][1] See State v. Lawrence, 221 La. 861, 60 So.2d 464 (1952); see also State v. DeHart, 109 La. 570, 33 So. 605 (1903). Nothing which took place during the proceedings would have vitiated a judgment entered upon a verdict rendered at the close of trial.
Id. at 451.
The supreme court concluded the trial court had improperly granted the mistrial and thus erred in denying the motion to quash.
In State v. Brown, 506 So.2d 1261 (La.App. 2 Cir.1987), one of the charges in the original bill filed against the defendant was titled, “Poss. Sch. II |4w/Intent.” The body of the bill stated that the defendant committed the offense of “Poss. Sch. II w/Intent” in that he “did knowingly and intentionally possess and have under his control, a Schedule II, controlled dangerous substance, to-wit. Preludin (Phenme- *369 trazine),” Id. at 1262. Thus, both the title of the bill and the body charged the defendant in count two with possession of a Schedule II substance with intent to distribute; however, as written, the defendant was charged with simple possession. Prior to trial, the judge noticed the discrepancy and noted to counsel that the charges were improperly joined as the modes of trial were different. After the error was pointed out, the state moved to sever the counts, stating it would file a new bill as to the second count. Trial commenced with a six person jury. Thereafter, the state formally filed the new bill of information which charged the defendant with simple possession. Defense counsel objected to the filing of the new bill and, on appeal, argued the trial court should have granted a mistrial as the amendment to the bill was one of substance which should not have been allowed after trial had begun. In addressing the claim, the second circuit stated:
The Code of Criminal Procedure clearly indicates that the nature of the charge against a defendant is determined by the “indictment.” An indictment is defined as the written accusation of the crime. LSA — C.Cr.P. Art. 388. More specifically, it is defined as “a plain, concise and definitive [sic] written statement of the essential facts constituting the offense charged.” LSA— C.Cr.P. Art. 464. Thus, it is not the title of the offense which is determinative of the nature of the offense or “indictment,” but it is rather the substance thereof. See also, State v. Birabent, 305 So.2d 448 (La.1974). Indeed, as Art. 464 points out, error in the citation of the offense, or even its omission, is not grounds for dismissal or reversal absent a showing of prejudice, although the article requires that the customary statutory citation be provided for each offense charged.
Thus, it is clear that the amendment of the bill to change the title of the offense charged is not one of |fisubstance and is therefore an amendment which may occur after trial has commenced.
Id. at 1264.
As mentioned previously, the caption of the indictment states the Defendant was charged with aggravated rape. The body of the indictment also refers to aggravated rape and a violation of La.R.S. 14:42; however, the body of the charge tracks the forcible rape statute. Under the above cited case law, the written charge would be considered, in which case the Defendant was charged with forcible rape, not aggravated rape.
Following Birabent, the indictment was a valid indictment for forcible rape. To avoid the danger of a double jeopardy violation, we should examine the evidence and determine whether the elements of forcible rape, the offense validly charged in the indictment, were proven at trial. The elements of forcible rape were clearly proven given the fact the Defendant was armed with a dangerous weapon and the victim testified she feared he would kill them if he did not get what he wanted. Additionally, we note the jury was instructed as to the elements of forcible rape, which is a valid responsive verdict to the crime returned by the jury. See La. Code Crim.P. art. 814. Thus, this court should enter a verdict of forcible rape and remand the case for resentencing.
For the foregoing reasons, I respectfully dissent.

. Even if the face of the indictment and the back could be read together to charge murder (see State v. Cooper, 249 La. 654, 190 So.2d 86 (1966)), the indictment would still support a verdict. The defendant would have been in jeopardy for murder. Errors in court rulings are not attributable to defendant. A court order of a mistrial under the indictment (if read as a murder indictment) without a motion by defendant constitutes double jeopardy.